JAMES I. DOWSETT *vs.* MAUKEALA (k), NAEA (k), KAUMAEA (k), HINA (w), ELIKAI (k), and KALU-AHILO (k).

EJECTMENT. EXCEPTIONS.

HEARING, SEPTEMBER 18, 1893. DECISION, OCTOBER 26, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The Court declines to reverse the decision of the Circuit Court setting
  aside the verdict and ordering a new trial on the ground that the
  verdict is contrary to law and the evidence.

OPINION OF THE COURT, BY BICKERTON, J.

This cause came on for hearing at the February Term, 1893, of the Circuit Court of the First Circuit before a mixed jury, and resulted in a verdict for the defendants, to which the plaintiff noted an exception on the ground of its being contrary to law and the evidence, and gave notice of a motion for a new trial, which motion was duly filed and argued, and the trial Judge rendered and filed his decision ordering that the verdict be set aside and a new trial had. Whereupon defendants filed their exception to said decision and order. The matter now comes here on a duly allowed bill of exceptions.

The decision of Judge Whiting on the motion for a new trial and now appealed from, is as follows:

Trial of the above action was had at the February Term, 1893, of this Court, and a verdict rendered by the jury for the defendants. The plaintiff claimed title by mesne conveyance from the patentee; the defendants claimed by right of adverse possession. The parcel of land in dispute is situate at Ewa, Oahu, called "Kapuaikaula," being a portion

of the ahupuaa of Halawa. The record title of the plaintiff was proved without dispute direct from the patentee by mesne conveyance to himself who claimed as lessee from the trustee of the estate of Emma Kaleleonalani of one half of the ahupuaa of Halawa. The defense being adverse possession, claim was made of such possession for a period even prior to the Land Commission.

The jury found a verdict for the defendants and the plaintiff moved for a new trial on the ground that the verdict is contrary to the law and the evidence; and also that the Judge erred in refusing to charge the jury " that a mere occupation of a portion of the ahupuaa without fencing the same off, or positive acts of ownership, is not a sufficient notification of a claim of title so that the statute of limitation may run in favor of the occupier; the landlord must have notice of the adverse claim before the statute commences."

I have carefully reviewed the evidence and charge to the jury, and I am of the opinion that the verdict is contrary to the law and the evidence, and that a new trial should be granted, as the jury neglected properly to consider the facts and have overlooked prominent and essential points in the evidence. There are many such points in this case, viz., that defendants' ancestors and a part of defendants were on the land of Halawa and the place in dispute before the Land Commission, and remained there from that time, but no claim for a kuleana nor any claim whatsoever was made by them or any one on their behalf or for the ancestors before the Land Commission ; and that the parcel of land in dispute, " Kapuaikaula," is not an ili, lele or ahupuaa of itself, nor a lele or kuleana of the ahupuaa of Halawa, but was merely a portion of the ahupuaa as of a whole land; it was not a division of a land.

That this portion of the ahupuaa of Halawa was occupied by the fishermen and the hoaainas of the konohiki, and that neither the defendants nor their ancestors were kuleana men or konohikis.

That defendants and their ancestors were living under the

konohiki, and were hoaainas and kahus of the alii, and the defendants continued as such under the different konohikis and their lunas of the land until Queen Emma's death in 1885; and no claim of adverse title was made until after her death; and no notice given to any konohiki or luna of the land that defendants were claiming this parcel of the land as their own till after her death.

That the original holding of defendants was permissive and with the consent of the konohiki.

That Holokahiki, who died in 1872, from whom the defendants claim, was the luna of the konohiki, and he was succeeded by others.

That defendants paid rent to Dowsett, who had charge of the land within twenty years last, and otherwise attorned to him.

That the premises were unfenced, not definite in area or boundaries, and not in continuous possession, and that defendants' possession was not exclusive.

That defendants' living on this piece of land was consistent with the owner's rights, originally being permissive, until direct notice was brought to the owner of an adverse claim.

I am of the opinion that the jury did not properly consider the question of the time when the defendants set up a claim adverse to the owner, nor did they properly consider the question of notoriety of adverse possession by defendants so as to bring it to the notice of the owner, nor that the claim of defendants was distinct and hostile to the rightful paper title, nor the points above stated.

The second point of plaintiff's motion I overrule.

The motion for a new trial is granted, and the verdict set aside.

### By the Court.

The trial of the case occupied several days, and the evidence adduced was very voluminous. We have carefully examined and considered all this testimony, and we are of the opinion that the findings of the trial Judge and the

grounds upon which he granted a new trial are well sustained by the evidence. It is clearly a case of permissive holding on the part of the defendants and not one of adverse possession. Elikai, one of the defendants, says, "The first time that I publicly stated to anybody that I owned the land and would not pay rent, was when Mr. Dowsett, junior, came there and asked, and I was the only man, the one man of the whole lot that refused to pay rent, and said that the reason was that the land was mine;" and when asked how long ago that was, he says, "Not very long ago; I don't remember what year it was, but not very long ago." The evidence of other witnesses would indicate that this visit of Dowsett, junior, took place about six or seven years ago.

This case seems to us to be almost a parallel one to the case of *C. R. Bishop, et al., trustees, vs. Kala et al.*, 7th Haw., 590. In that case the verdict was set aside and a new trial ordered, the Court saying, "The weight of the whole evidence is so clearly and decidedly in favor of the plaintiffs, that we feel that the jury must either have misunderstood its effect or have acted, when they returned a verdict for defendants, from some bias or prejudice." We feel that this language is applicable to the case at bar. We have before us the charge of the Court to the jury in this case, and the law was well laid down and explained, as to what constituted adverse possession, and what constituted only permissive occupation or possession. This must have been disregarded by the jury, for if they had applied the law as given by the Court to the evidence, they could not have found the verdict they did.

The decision and order of the Circuit Court setting aside the verdict and ordering a new trial is sustained.

Exceptions overruled.

*C. Brown,* for plaintiff.

*G. W. Ashford,* for defendants.