MARIA JARDIN, by M. R. JARDIN, her father and next friend, *vs.* L. MADEIROS.

REPLEVIN FOR A COW.    EXCEPTIONS.

HEARING, JUNE 25, 1894.                    DECISION, JULY 3, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A plea of former judgment though not made in the District Court may be entertained when made in the Circuit Court on general appeal.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a bill of exceptions from the Circuit Court of the Fifth Judicial Circuit, March Term, 1894. The case was there heard on appeal from the District Court of Koloa, the jury being waived. During the progress of the case the defendant's counsel set up the plea of *res adjudicata*, it having been agreed by the parties that the records and the evidence in two former cases, one to recover possession of this same cow by the present defendant, and one to recover damages for the alleged detention and use of the same, by the same plaintiff, should be received as evidence and considered by the court in this case. After due consideration the Court sustained the plea of *res adjudicata* and gave judgment for the defendant, the plaintiff taking exceptions. The plaintiff's counsel claims that the plea could not be entertained in the Circuit Court, it not having been made in the lower court. We are not of that opinion. It was a general appeal and the case came up *de novo;* it was perfectly competent for the defendant to set up this defense in the appellate court. All the records in the former case were admitted by consent of parties and became part of the general issue. Judge Hardy in his decision appealed from

says: "The owenership of the cow in question    *    *    *
was decided by the judgment of the lower court, and no law-
ful appeal having been taken, that judgment became *res adju-
dicata* and might well have been pleaded by defendant at the
trial of case number 3 (this case) in the district court. That
it was not then pleaded should not prevent the court from
taking notice of it on appeal, on the principle that a plea
that would destroy the foundation of an action should be
considered if raised for the first time on appeal."

See Encycl. of Law, vol. 1, p. 624.

After an examination of the pleadings and records in this
case and the first one pleaded in bar, it seems to us that the
question in issue, viz., the ownership of the said cow, is the
same in both cases, both cases being replevin ; the parties were
virtually the same though nominally different ; in this case
the daughter suing by her father, in the first case the father,
who was the nominal defendant, defending in right of his
daughter, he being by statute the natural guardian of her
person and property, and entitled to prosecute and defend all
actions in which she or her property may be concerned.

In *Kaleialii vs. Grinbaum et al.*, decided by this Court, July
31, 1893, the Court say :

"It is not necessary that the parties to the two suits
should be nominally the same ; it is sufficient if they are
really and substantially the same in interest."

We are of the opinion that the ruling of the Circuit Court
should be sustained.

The exceptions are overruled.

*A. Rosa*, for plaintiff.

*A. S. Hartwell*, for defendant.