## NETTIE L. SCOTT *v.* J. K. NAHALE.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED JANUARY 7, 1901.    DECIDED JANUARY 22, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action for trespass of cattle, *held,* that there was evidence to support the finding of fact that defendant was not the owner of the trespassing cattle at the time of the trespass.

OPINION OF THE COURT BY PERRY, J.

This is an action at law, instituted in the District Court of North Kona, Hawaii, wherein the plaintiff claims of the defendant the sum of one hundred and fifty dollars as damages for trespass, alleged to have been committed by cattle belonging to defendant on certain lands of the plaintiff at Holualoa in said North Kona, from the first day of June, 1892, to the twenty-fourth day of April, 1893. The District Magistrate rendered judgment for the defendant, from which judgment plaintiff appealed to the Circuit Judge of the Third Circuit, at chambers.

The latter court also found for the defendant. Plaintiff's appeal to this court is "from the judgment entered in said action to the Supreme Court of the Republic of Hawaii on the ground that the judgment and the decision on which said judg-

ment is based, are contrary to the law, contrary to the evidence, and contrary to the weight of the evidence."

Under Chapter 109 of the Laws of 1892, "appeals shall be allowed from all decisions, judgments, orders or decrees of Circuit Judges in chambers to the Supreme Court," except in certain cases, of which that at bar is not one. Act 44 of the Laws of 1898, which permits an appeal from the decision of any District Magistrate, in any case, civil or criminal, to the Circuit Judge of the same circuit, at chambers, provides, however, that "in all such cases so appealed no other or further appeal on any question of fact shall be allowed." It is plain, therefore, that in the case at bar the appeal to this court can be solely on questions of law. Whether or not it is necessary that the points of law on which a ruling is desired should be set forth in such an appeal (see *Castle v. Bowler*, 8 Haw. 366), need not be now determined, for, assuming that that is an essential, the notice of appeal in this case is not defective. The point of law is stated, to wit, whether or not there is any evidence to support the decision of the trial court.

The gist of the decision filed by the Circuit Judge is contained in the words, "the defendant has convinced the court that he was not the owner of those cattle" (i. e., the cattle which committed the trespass complained of) "during the time alleged, from the first day of June, 1892, to the twenty-fourth day of April, 1893." It is with this finding that fault is found, the contention of counsel for the appellant being that there is no evidence to support it.

Plaintiff's title to the land was admitted, nor was it disputed that *some* cattle had trespassed on her land; but on the question of whether or not any of said cattle belonged to the defendant during the period named in the declaration, there was evidence on both sides,—evidence that was highly contradictory. Defendant gave positive testimony that during the period stated he did not own any of the cattle that were running on the land in question, and that during that time all of the cattle which he did own were at Kahaluu. Although there was other evidence,

as well of the defendant himself, as of other witnesses which might tend to throw discredit on his testimony first above referred to, the decision cannot be set aside. The questions of the credibility of the witnesses and of the weight of their evidence were for the trial court to pass upon, and it accepted the defendant's statement above mentioned. No further trial on the facts can be had.

The appeal is dismissed.

*Holmes & Stanley* for plaintiff.

*Achi & Johnson* for defendant.