CLINT WELCH v. STATE.

No. A-3714. Opinion Filed Sept. 12, 1921.
Rehearing Denied Nov. 19, 1921.
(201 Pac. 524.)
(Syllabus.)

1. **Larceny—Sentence of 10 Years for Theft of Hog Excessive.** In a prosecution for the theft of a hog, the jury fixed the punishment at imprisonment for 10 years. Held excessive, and the judgment modified to 4 years, and affirmed as modified.

2. **Appeal and Error—Reduction of Excessive Punishment.** The Code of Criminal Procedure (section 6003, Rev. Laws 1910) provides: "The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial." Under this provision the remedy in cases like this, where the punishment assessed is excessive, is found, not in a new trial, but by reducing the punishment.

Appeal from District Court, Jefferson County; Cham Jones, Judge.

Clint Welch was convicted of the theft of a hog and he appeals. Modified and affirmed.

Ed Anderson, Bridges & Vertrees, and Hays Dillard, for plaintiff in error.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for the State.

DOYLE, P. J. Upon an information charging the theft of one hog, the property of Jay Barnett, Clint Welch and Henry Garrett were tried and both found guilty as charged; the punishment of the defendant Welch was fixed at 10 years in the penitentiary, and that of the defendant Garrett at 2 years in the penitentiary. Motion for new trial was duly filed and overruled, and judgment was duly rendered as to each in accordance with the verdict. A case-made on the part of both defendants was duly signed, settled, and filed, and notices of appeal were duly served and the same filed in this court on February 25, 1920. The Attorney General has filed a motion to dismiss the appeal, because no briefs have been filed, but as the case-made is before us we will overrule the motion to dismiss.

The errors assigned are that the court erred in its rulings in the admission of incompetent and in rejecting competent evidence, to which exceptions were duly saved; that the evidence is insufficient to sustain the verdict; and that the punishment assessed is excessive.

The petition in error is silent as to the defendant Garrett; therefore there is nothing we can review as to him.

The evidence shows that Jay Barnett, who lived five miles northeast of Waurika, had a hog weighing about 250 pounds stolen from a pen on his place Saturday night, November 2, 1918; the next evening the hog was found at the defendant Clint Welch's place; it had been butchered, the entrails removed, and the ears trimmed off. The owner and several other witnesses identified the hog.

Sheriff Ballard testified that he reached the defendant's place Sunday evening before sundown, and the defendants were dressing a hog, had one side scraped and the entrails removed, and both ears had been cut off; that he asked the defendant Welch where the ears were and he said the boys were monkeying around and trimmed them off and burned them up; that he asked Welch where he got the hog, and he said, "I raised it."

The defendant Clint Welch as a witness in his own behalf testified that he had bought the hog from his brother.

We have carefully examined the entire record and have failed to find any error. There can be no doubt of the sufficiency of the evidence to sustain the verdict. However, we are inclined to think that the punishment assessed is excessive.

It appears that appellant is a married man with a wife and three children of tender years, and that this is his first offense.

It is both the spirit and intention of our laws that punishment for crime shall be imposed for the protection of society and reformation of the criminal. As we view the record in this case, we are convinced that the maximum punishment assessed by the jury was due to passion and prejudice, and we are satisfied that 4 years' imprisonment of the defendant will be as much protection to society and do him as much good as would 10.

The judgment sentencing the said Clint Welch to imprisonment in the penitentiary for the term of 10 years is hereby modified to the extent of reducing it to a 4 years' imprisonment in the state penitentiary. As so modified, the judgment is affirmed.

MATSON and BESSEY, JJ., concur.