H. D. HAMAKER, Appellant, v. W. H. JOHNSON, Appellee.

**VENDOR AND PURCHASER: Remedies of Purchaser—Repudiation of**
1 **Contract—Estoppel.** A purchaser who repudiates his contract and induces the vendor to resell the land to another person may not recover from the vendor the purchase price paid.

**ESTOPPEL: Inconsistent Conduct.** Principle reaffirmed that a party
2 may not deny that which he has solemnly asserted to be true, when such denial will prejudice one who has relied upon his former statements.

Headnote 1: 39 Cyc p. 2025. Headnote 2: 21 C. J. p. 1140.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

FEBRUARY 10, 1925.

REHEARING DENIED MAY 12, 1925.

ACTION at law, to recover of the vendor the amount paid upon a contract for the purchase of land. A jury was waived, and a trial to the court resulted ˙in a judgment against the plaintiff for costs, from which he appeals.—*Affirmed.*

*R. S. Horton* and *George H. Mayne,* for appellant.

*W. H. Killpack,* for appellee.

VERMILION, J.—The plaintiff and appellant, the assignee of a contract for the purchase of a tract of land, brought this action at law to recover of the appellee, the vendor, the amount paid by appellant's assignor upon the purchase price, alleging that the appellee, by contracting to sell the land to another, and putting such purchaser in possession, had breached the first contract, held by appellant, and put it out of his power to comply therewith.

1. VENDOR AND PURCHASER: remedies of purchaser: repudiation of contract: estoppel.

The answer alleged, in substance, that the appellant had abandoned the contract held by him, and refused to carry it out, and had so notified appellee, and had introduced to him the person to whom appellee sold the land, and urged appellee to sell the land to such person; and that, relying thereon, appellee made such sale; and that thereby appellant was estopped to claim that appellee had breached the contract held by appellant. Other issues were presented by the pleadings, that it is not necessary, in our view of the case, to set out or consider. The only questions presented on appeal relate to the sufficiency of the evidence to support the judgment.

A jury was waived, and the cause tried to the court. The court made a finding of facts, and, among other things, found:

"That plaintiff repeatedly stated that he did not intend to carry out the terms of the contract, and would not do so because of the fact that the contract price was too high; that he could not take the land at the contract price, unless Johnson would take in the securities which Hamaker was offering him.

That Hamaker produced one F. E. Dashner, and introduced him to defendant Johnson as a possible purchaser of the premises, and started negotiations which finally culminated in a contract of sale by Johnson to Dashner * * *. That by his words and conduct Hamaker had, prior to January 19, 1922 (the date of the contract with Dashner), repudiated the Shepard contract (held by plaintiff) and had signified his intention to abandon the same and not to carry out the same, and had induced defendant Johnson to believe that such was the fact; that said Johnson believed that such was the fact, and relied upon such abandonment by the said Hamaker in making such contract of sale to Dashner, and would not have made same but for such conduct upon Hamaker's part, and but for such belief in his abandonment of such contract. That said Johnson insisted upon performance of said contract upon the part of Hamaker, until Hamaker produced Dashner as a possible purchaser, and insisted upon negotiations with said Dashner, looking to a sale to him of the land in question. * * * That the plaintiff by his words and acts and conduct has estopped himself from now claiming that defendant has put it out of his power to convey under the terms of the Shepard contract. That plaintiff himself had abandoned any thought of performance on his part, long prior to the execution of the Dashner contract by Johnson, and had so announced by words and acts.''

We have examined the record with care, and find abundant evidence to support the findings of the court below. That the court properly found that, upon such facts, the appellant was estopped to claim a breach of the contract on the part of the appellee, is clear. The following authorities, among others that might be cited, fully support such a conclusion.

2. ESTOPPEL: inconsistent conduct.

''A party may not deny that which he has solemnly asserted to be true, when such denial will prejudice one who has relied upon his former statement.'' *Criley v. Cassel*, 144 Iowa 685.

See, also, *In re Estate of McDonald*, 167 Iowa 582; *Kirchman v. Standard Coal Co.*, 112 Iowa 668; *Helwig v. Fogelsong*, 166 Iowa 715; *Sessions v. Rice*, 70 Iowa 306; 21 Corpus Juris 1119.

The finding of the court in an action at law has the force and effect of a verdict of a jury, and is not to be disturbed if there is evidence supporting it.

It appears without dispute that, shortly after the execution of the Dashner contract, the appellee gave notice under the statute (Section 4299, Code Supplement, 1913 [Sections 12389, 12390, Code of 1924]) of his intention to forfeit the contract under which appellant claimed, for the failure of the appellant to comply with its terms; and that appellant made no effort to comply with the contract in respect to the matter for which the forfeiture was claimed,—the nonpayment of delinquent taxes. The Dashner contract recited the existence of the contract held by appellant, and provided that appellee should serve notice of forfeiture thereof.

The original contract held by appellant provided that the purchaser should pay the taxes before they became delinquent; made the time of payment of the essence of the contract; and provided that the contract might be forfeited for the failure of the purchaser to comply with its terms, by giving the notice required by the statute. The claim that this contract was superseded by a subsequent writing indorsed on it that gave no right of forfeiture, is without merit. The writing in question merely changed the manner of payment under the original contract.

It is also claimed that the notice of forfeiture did not properly describe the land. The description was substantially the same as in the contract itself. There is no claim that the land was not correctly described in the contract. The description was clearly sufficient. The lower court so found; and that appellant had failed to comply with his contract or the requirements of the notice of forfeiture. There was ample support in the evidence for these findings.

The appellant, being himself in default, was not entitled to recover the purchase money paid. *Lieuwen v. Blau*, 184 Iowa 327; *Crooke v. Nelson*, 195 Iowa 681.

The judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.