TERRITORY *v.* DAVID P. JELLINGS.

No. 2160.

Argued July 10, 1934.          Decided July 23, 1934.

Coke, C. J., Banks and Parsons, JJ.

The above cause comes to this court through the medium of a bill of exceptions. The defendant-appellant, David P. Jellings, was charged by the Territory in the district court of Honolulu, City and County of Honolulu, with having violated a criminal statute, to-wit, section 4272, R. L. 1925, the crime being specified in the following language: "That David P. Jellings, at Honolulu, City and County of Honolulu, Territory of Hawaii, on the 6th day of August, 1932, with intent in him, the said David P. Jellings to defraud another, to-wit: John A. Swain did wilfully make, draw, utter and deliver to the said John A. Swain a certain check dated at Honolulu, Hawaii, and drawn on the Bank of Bishop and Co. Ltd., in favor of David P. Jellings, in the sum of three hundred twenty five dollars, the said David P. Jellings knowing at the time of the making, drawing, uttering and delivery of said check that he had not sufficient funds in or credit with said bank to meet said check in full upon its presentation and did then and there and thereby violate the provisions of section 4272 of the Revised Laws of Hawaii, 1925." Upon the trial of the cause in the district court the defendant was found guilty as charged and from this judgment of conviction the defendant prosecuted an appeal to the circuit court of the first judicial circuit. The case was thereafter tried in the circuit court by a jury and again resulted in the conviction of the defendant, after which the circuit judge imposed sentence upon the defendant according to law.

The defendant urges but two exceptions, the first of which challenges the propriety of the action of the circuit court in its refusal to grant defendant's motion for a directed verdict of not guilty interposed by him at the close of the introduction of the evidence in chief in behalf of the Territory, and the second brings up for considera-

tion a general exception interposed by defendant to the verdict of the jury "on the ground that it was contrary to the evidence and the weight of the evidence and the law."

The record discloses that at the close of the introduction of testimony in chief on the part of the government defendant moved for a verdict of not guilty. This motion was denied by the court but no exception was taken by the defendant to the court's ruling. The defendant thereupon proceeded to introduce evidence in his defense, including his own testimony.

It is well established that where a party moves for a directed verdict in his favor and the same is denied by the court and no exception is taken to the court's action the merits of the motion cannot be presented for review to an appellate court by a bill of exceptions. (See *Edwards* v. *United States,* 7 Fed. [2d] 357; *Finley* v. *United States,* 256 Fed. 845.)

The second ground set forth in the bill of exceptions is likewise without merit. It is merely a general exception to the verdict of the jury on the ground that it is contrary to the evidence, the weight of the evidence and the law and is clearly too general for consideration here. An exception to a verdict solely on the ground that it is contrary to the law and the evidence is too general for consideration by this court. (See *Ryan* v. *City and County, ante* p. 92; *Zen* v. *Koon Chan,* 27 Haw. 369; *Ripley & Davis* v. *Kapiolani Estate,* 22 Haw. 507; *McCandless* v. *Honolulu Plantation Co.,* 19 Haw. 239; *Territory* v. *Puahi,* 18 Haw. 649.)

The record in this case conclusively demonstrates that the defendant received a fair trial in the court below, the trial judge accorded him every right to which he was entitled under the law and the evidence, and the verdict of the jury is amply supported and warranted by the evidence. We deem it proper to say, after a careful exami-

nation of the record as to the points sought to be raised herein by the defendant, that we find nothing that would warrant us in disturbing the judgment of the trial court even had the exceptions been properly presented for our consideration under the rules above indicated.

The exceptions are overruled.

*E. N. Sylva,* Assistant Public Prosecutor *(J. C. Kelley,* Public Prosecutor, with him on the brief), for the Territory.

Defendant, in person, submitted the case on the briefs.