## THE TERRITORY OF HAWAII *v.* EDWARD P. CHONG.

## No. 2491.

SUBMITTED SEPTEMBER 20, 1943.      DECIDED OCTOBER 19, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

538

OPINION OF THE COURT BY LE BARON, J.

The defendant was found guilty of a misdemeanor by the district magistrate of Honolulu in the violation of section 6.11 of ordinance 786 of the 1939 traffic code of the City and County of Honolulu, which deals with the taking by one motor vehicle of the right of way of another vehicle in an intersection of two public highways, and fined five dollars and costs of court. He appealed to the circuit court. The case was there tried *de novo* before the trial judge, jury waived. The defendant was again found guilty and sentenced to a year's imprisonment and his license to drive revoked for a period of one year. A stay of execution of sentence was obtained and the matter is now before this court on a writ of error.

Four assignments are made, specifying two alleged errors in the final judgment of the trial judge. One alleged error pertains to the finding of guilt, the other to the imposition of sentence. The record shows that the only exception pertinent to these alleged errors was the one taken to the judgment, solely upon the grounds that

it was contrary to the law and the evidence and the weight of the evidence.

The Territory contends that the grounds of the exception are too general to permit appellate consideration of the alleged error in the finding of guilt within the authority of *Ter.* v. *Jellings*, 33 Haw. 103. However, before the form and sufficiency of the instant exception can be ruled upon, it first must be determined whether its taking was necessary. In regard to this preliminary phase of the issue raised by the Territory, the statute (R. L. H. 1935, § 3563) provides that in a writ of error there shall not be "a reversal in any term case * * * for any finding depending on the credibility of witnesses or the weight of the evidence * * * unless such alleged error was made the subject of an exception noted at the time it was committed." (See *Ter.* v. *Gagarin*, 36 Haw. 1.) In that this is a term case upon writ of error and the alleged error relates to a finding depending "on the credibility of witnesses" and "the weight of the evidence," the statutory requirement applies. Hence it follows that the general rule that an exception should be specific also applies, the object and purpose of an exception remaining constant whether the necessity for its taking arose under section 3530 of the Revised Laws of Hawaii 1935 in order to bring the alleged error before the supreme court in a bill of exceptions, or under section 3563, *supra*, to enable the supreme court to consider the alleged error as a basis for reversal in a writ of error. The rule is succinctly stated by the court in *Ripley & Davis* v. *Kapiolani Estate*, 22 Haw. 507, 508, as follows: "In a long line of decisions this court has held that exceptions must be sufficiently definite and specific to call to the attention of this court a point of law which was called to the attention of the trial court affecting the legality of its ruling, thus giving the lower court the opportunity to correct its ruling if

erroneous." In this rule there is discernible two functions of an exception. One is often termed its essential purpose, which is to advise the trial judge of a precise point upon which it is contended that he has committed an error of law, thereby affording an opportunity to the trial judge to change his ruling if he is satisfied as to error and thus avoid a miscarriage of justice. The other, which may be termed its ultimate objective, is to predicate the alleged error for review so that the ruling or act of the trial judge may be tested later upon the question of law as presented by the exception in determining whether prejudice was caused the excepting litigant. In applying this rule to the instant problem of appellate review, we find that the exception to the finding of guilt on the grounds that it was contrary to the law and the evidence and the weight of the evidence clearly comes within the rule and squarely presents the point of law of whether the evidence was sufficient to support the finding of guilt.

In an analagous situation, this court in *Ter.* v. *Jellings, supra,* considered the sufficiency of the evidence by expressly finding that "the verdict of the jury is amply supported and warranted by the evidence," thus properly applying the rule consistently with a long line of its prior adjudications. (*James Howland* v. *Samuel Jacobs*, 2 Haw. 155, 157; *Bishop* v. *Kala*, 7 Haw. 590, 591; *Hayselden* v. *Wahineaea*, 9 Haw. 51, 56; *Dowsett* v. *Maukeala*, 9 Haw. 233; *Kapuakela* v. *Iaea*, 10 Haw. 99, 100; *Smith* v. *Hamakua Mill Co.*, 14 Haw. 669, 670; *Territory* v. *Kimura*, 15 Haw. 510; *Fuller* v. *Rapid Transit Co.*, 16 Haw. 1, 9; *Kametani* v: *Okuhama*, 28 Haw. 458-460. See *Kanamu* v. *Wilson*, 8 Haw. 385; *Scott* v. *Nahale*, 13 Haw. 255.) In our opinion, however, the court in *Ter.* v. *Jellings, supra,* in stating that the exception is "too general for consideration by this court" did not go far enough in expressing its application of the rule in regard to the

subject of the exception, or by way of clarification point out that such an exception, although specific as to error which it predicated, was too general for appellate consideration of other errors not predicated by it and hence not called to the attention of the trial judge at the time they were committed. (*Territory* v. *Puahi*, 18 Haw. 649, 655; *McCandless* v. *Honolulu Plantation Co.*, 19 Haw. 239, 242; see *Fraga* v. *Portuguese Mut. Ben. Soc.*, 10 Haw. 128, 129; *Ripley & Davis* v. *Kapiolani Estate*, *supra*; *Kapela* v. *Gilliland*, 22 Haw. 655, 659; *De Freitas* v. *De Freitas*, 25 Haw. 717, 718.)

The form and sufficiency of the exception therefore properly places before this court the question of law as to the sufficiency of the evidence, which we will consider, the question of the credibility of the witnesses remaining within the province of the court below. The defendant was convicted upon conflicting evidence and we find from our examination of the record that there is competent and substantial evidence to support and warrant the trial judge's finding of guilt. For this reason, the allegations of error in regard to the finding of guilt are without merit, which disposes of assignment one and those portions of assignments two and three which relate thereto.

We will now turn our attention to the alleged error in the imposition of sentence as specified by the remaining portions of assignments two and three and by assignment four.

Section 3563, *supra*, provides that the supreme court in a writ of error "may correct any error appearing on the record," but qualifies such authority by further providing that there shall not be "a reversal in any term case for any defect of form merely in any declaration, indictment or information or for any matter held for the benefit of the plaintiff in error or for any finding depending on the credibility of witnesses or the weight of the evidence

or for any alleged error in the admission or rejection of evidence or the giving of or refusing to give an instruction to the jury unless such alleged error was made the subject of an exception noted at the time it was committed."

The imposition of sentence, although it follows the finding of guilt as a natural sequence and in conjunction therewith constitutes the final judgment, is not in itself a "finding depending on the credibility of witnesses or the weight of the evidence" nor does it fall within any category of reversible errors listed by the statute to which an exception must be taken. Consequently the statutory requirement is inapplicable to the alleged error in the imposition of sentence. Hence it follows that if the alleged error appears upon the record, it may be corrected without regard to the taking of an exception.

Briefly, assignments two and three base their grounds of this alleged error upon the contention that the trial judge denied the defendant a fair and impartial trial, assignment three stating that the trial judge "manifested great prejudice against the Defendant and reached his conclusion as to the guilt of the Defendant before any evidence was adduced by the Defendant in support of his defense * * * ." We have scanned the record and find no indication therein that the trial judge manifested any prejudice towards the defendant at any time during the trial, or that he evinced a conclusion of guilt before its close. Further, we find it conclusively evidenced by the record that the defendant received a fair and impartial trial in the court below in every respect and was accorded every right during the trial to which he was entitled under the law and the evidence. We have noted that the record shows the evidence to have warranted the conviction, after which the passing of sentence followed as a matter of course. Therefore assignments two and three are entirely without merit.

Assignment four rests its grounds of alleged error upon the contention that the sentence is "a nullity in law, was excessive and the punishment imposed was cruel and unusual and therefore in violation of the defendant's rights under the Constitution of the United States and the Eighth Amendment thereof * * * ." We find that the sentence, having been imposed pursuant to a conviction for the violation of a section of the traffic code and being within the scope of two penalizing ordinances (Traffic Code 1939, O. 786, §§ 13.03, 13.04), is clearly sanctioned by the law. Counsel for the defendant does not question the law, nor challenge its constitutionality. Consequently his contention that a mere conformity with the law would in itself constitute a nullity, a deprivation of constitutional rights or an infliction of a cruel and unusual punishment, is unworthy of serious consideration.

There remains the ground that the sentence is excessive.

The supreme court is expressly empowered by statute (R. L. H. 1935, § 3563) to correct and modify a sentence in a criminal case before it on a writ of error when in its opinion the sentence is excessive and would injuriously affect the substantial rights of the defendant. We construe this general authority to apply equally to a sentence within the scope of legislative enactment as well as to one extending beyond it, and that the imposition of such excessive sentence, while not a ground for reversal, would be nevertheless an "error appearing on the record."

The primary intention of the board of supervisors of Honolulu in authorizing the punishment of traffic violators " * * * by a fine of not more than one thousand dollars or by imprisonment in the Honolulu jail for not more than one year, or by both such fine and imprisonment" (§ 13.03, *supra*), and in authorizing an additional punishment by a revocation of the defendant's driving license " * * *

for a period not to exceed one year * * * " (§ 13.04, *supra*), we construe is to keep the extent of punishment within the bounds of a misdemeanor (see Traffic Code 1939, O. 786, § 3.02) and immediately below the bounds of a felony (see R. L. H. 1935, § 5301). The board of supervisors in thus fixing the ceiling above which a defendant cannot be penalized for a violation of a section of the traffic code provides the trial judge with a broad range of penalties thereunder from which he may draw in determining the punishment to be imposed, so as to enable the trial judge to deal justly with all violators as individuals in direct proportion to the degree of culpability of each and in the exercise of his sound judicial discretion. This degree of culpability varies from one who is technically guilty to another who is flagrantly guilty, and may well vary from a first offender to a habitual criminal, according to the circumstances.

The record shows that there was but one issue before the court, *i.e.*, which motor vehicle entered the intersection first, it being established that the defendant's, a motorcycle, entered from the right of the other vehicle, an automobile. On this issue the defendant was found guilty upon conflicting evidence, the strongest against him being the marks on the road at the point of impact.

The record discloses that there were no precautionary stop signs at the intersection where the collision occurred, the driver of the automobile testifying that the intersection was "a bad one" and the Territory not disputing the testimony of the defendant that his vision, from his position while approaching it on his motorcycle, was obscured on the left by an intervening hibiscus hedge up to ten feet of the intersection. The record does not show that any appraisal of the property damages was made and, although the damage to the motorcycle is designated by the evidence as negligible, no comparative designation is given to the

damage to the automobile. The record further shows that the Territory placed the speed of the automobile at the time of the collision at a rate of between 15 and 20 miles an hour, but adduced no evidence in respect to the rate of speed of the motorcycle, nor did it attempt to estimate the approximate rate by expert opinion from the physical evidence. Neither did the trial judge express an opinion thereof from the evidence and his personal observation of the damaged automobile, although he found therefrom that the automobile had entered the intersection first and was struck by the motorcycle on the right rear side. If such had been given it would have been afforded great weight by this court. In its absence, we must look to the record and the case for the Territory as it portrays the nature of the collision. In doing so, we find no evidence which would reasonably attribute an inordinate rate of speed to the motorcycle. Further, the record shows that the defendant sustained the only severe personal injuries and does not reveal any prior violation of the law by him. Consequently there appears in the record no circumstance or combination of circumstances which would indicate a high degree of culpability in the defendant or which would tend to aggravate his offense into an extraordinary or flagrant violation of the law warranting the severe measure of punishment imposed by the trial judge, nor do the interests of justice require it as an example for others.

In the light of all the circumstances, including the fact that this is not a flagrant violation, and apparently is the defendant's first offense against the law, we are forced to the opinion that the sentence imposed by the court below is excessive, injuriously affecting the substantial rights of the defendant and should be materially reduced.

Upon due deliberation we believe that after the injuries and the warning which the defendant has received, a reduction of sentence to the payment of a fine in the amount

of fifty dollars and a suspension of his license to drive for thirty days will sufficiently restrain him from a repetition of the offense, and at the same time adequately meet the ends of justice.

Judgment will therefore be entered, correcting and modifying the sentence in accordance with this opinion, and remanding the cause to the lower court for the imposition and execution of the corrected and modified sentence.

*C. B. Dwight* for the defendant, plaintiff in error.

*C. E. Cassidy*, Public Prosecutor, and *J. E. Parks*, Assistant Public Prosecutor, for the Territory.