TERRITORY OF HAWAII *v.* ISAMI KUNIMOTO.

NO. 2645.

SUBMITTED SEPTEMBER 5, 1947.          DECIDED OCTOBER 17, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY LE BARON, J.
(Peters, J., concurring.)

Under the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of section 1261 of Revised Ordinances of Honolulu 1942, the defendant was tried and found guilty in the district court of Honolulu and thereupon sentenced to a fine of twenty-five dollars and revocation of his driving license. He appealed to the circuit court wherein he was charged with the same offense and, in order to meet the proof, with the additional one of careless and heedless driving in a manner likely to endanger the person and property of a certain named individual, contrary to the provisions of section 11701 of Revised Laws of Hawaii 1945, the two charges being joined in one complaint as counts I and II, respectively, and the offenses arising out of the same facts and circumstances. Before pleading he moved that count II be stricken. On denial of his motion, pleas of not guilty were entered. After trial by jury he was acquitted under count I but convicted under count II. Pursuant to the verdict, the trial judge pronounced the defendant guilty as charged under count II, sentenced him to jail for one year and suspension of driving license for a like period.

The assignments of error all deal with count II and pertain to the entry of it as an additional charge, the sufficiency of the evidence to sustain the verdict of guilt and the excessiveness of the sentence.

The first assignment of error to be considered specifies that the trial court erred in denying the defendant's motion to strike count II on the ground that the appeal from the district court after a conviction of an offense precluded

the additional charging of a different offense in the circuit court.

In our opinion this ground of error is untenable. The appeal taken by the defendant to the circuit court was not upon points of law nor did it seek appellate review of any proceedings in the district court. On the contrary, the appeal was a general one from a lower to a higher trial court of concurrent jurisdiction. It operated to transfer the Territory's criminal cause of action itself to the circuit court and placed that tribunal in the same position as would obtain before arraignment had the cause then originated in the circuit court, requiring the proceedings therein to be *de novo*, inclusive of trial, as if no action had been instituted in the district court. (*Jardin* v. *Madeiros*, 9 Haw. 503; *Associated Repair Works* v. *Rogers*, 22 Haw. 91; *Matsumoto* v. *Toraichi*, 30 Haw. 468.) Such being the operation of the defendant's appeal and resultant position of the circuit court, that court on entertaining the cause was authorized by statute (R. L. H. 1945, § 10799) to allow in one information or complaint the joining of several charges of different and distinct offenses for the same act or transaction. No question of unauthorized joinder under the statute having been raised by the defendant either below or on appeal, the two charges in separate counts are deemed to have been properly joined in one complaint consistent with the provisions of section 10799, *supra*, the offenses concededly being related misdemeanors and arising out of the same act or transaction of driving an automobile on a public highway. It follows therefrom that the alleged error assigned to the entry of the additional charge upon the ground stated is devoid of merit.

The second assignment of error to be considered runs to the sufficiency of the evidence to support the verdict of guilt under the charge of careless and heedless driving.

On scanning the record there is found undisputed evidence tending to prove that the defendant drove his automobile at a fast rate of speed upon a public highway, collided with the left rear fender of another automobile proceeding in the same direction on the right side of the highway and in passing it sideswiped its left front fender; that the defendant did not know his automobile had struck the other, continued driving without stopping and attempted through devious course to evade pursuit by the driver of the automobile which he had struck. In addition, there is disclosed in the record a conflict in the evidence which pertains to a prior drinking by the defendant of intoxicating liquor sufficient to slow his physical reactions and impair his mental faculties at the time of collision, but not to render him under the influence contemplated in section 1261, *supra*. The undisputed evidence is that he was found to be intoxicated at his home shortly after he had driven there and been informed that a police officer had been called to investigate the collision. Opposed to the reasonable inference to be drawn therefrom that he was in a comparable state of intoxication at the time of collision is the defense testimony that the defendant subsequently drank intoxicating liquor in his home and only became drunk there while waiting for the police officer to arrive. Although this conflict apparently created a reasonable doubt in the mind of the jury as to intoxication at the time of driving, the extent of drunkenness at the time of arrest would have warranted the jury in finding not only that the defendant previously had been drinking intoxicating liquor but that the effects of such drinking accounted for his apparent failure to perceive and be aware of the jolt which naturally would be transmitted to him from the impact of his automobile against the other. This evidence, together with reasonable inference drawn from

it, as well as the warranted findings therefrom, transcends proof of a mere mistake of judgment in traffic, or mere negligence in causing a collision, as contended by the defendant. It rather demonstrates the existence of a wanton disregard, superimposed by the effects of a voluntary consumption of alcohol, for the safety of the occupant and property relative to the other automobile at time of collision as well as a manner of driving not only likely to endanger, but actually endangering, such person and property within the purview of the statute. Hence it is substantial and competent evidence, sufficient as a matter of law to sustain the verdict of guilt.

The last assignment to be considered specifies error to the imposition of sentence in imprisoning the defendant and suspending his driving license for a year on the ground that the punishment, although within legal limits, is excessive and disproportionate to the offense as committed by the defendant.

The legislature in providing penalties for the violation of section 11701, *supra*, does not contemplate a fixed punishment, but merely limits the extent. Within the prescribed limits are a vast number of possible penalties of fines, imprisonment and suspension or revocation of driving license, which may be invoked either separately or in conjunction with each other. They range from a nominal punishment up to and including the maximum of a fine of one thousand dollars, imprisonment for one year and a year's suspension or revocation of driving license. (R. L. H. 1945, §§ 11701, 7325.) The legislature further authorizes a trial judge to suspend sentence imposing any of such punishments. (R. L. H. 1945, §§ 10779, 10843.) The legislature thus impliedly recognizes varying degrees of guilt or culpability for the offense and gives a trial judge a wide latitude in determining not only appropriate pun-

ishment for the protection of society and reformation of the offender, but also whether those interests would be better served by suspending the sentence thereof. However, the entire matter is one for the exercise of judicial discretion. But a trial judge in so doing must act upon the evidence and be governed by it. To inflict arbitrarily a punishment of greater severity than warranted by the evidence would amount to an abuse of discretion, constituting a judicial error of a highly prejudicial nature which fortunately may be rectified in the appellate court.

Under section 9564 of Revised Laws of Hawaii 1945, the supreme court has revisory jurisdiction and power in a criminal case on writ of error to modify by reducing any sentence when, in the court's opinion from the evidence, the sentence is excessive and in imposing it error was committed which injuriously-affected the substantial rights of the defendant. (*Ter.* v. *Chong*, 36 Haw. 537.) It should be noted that exercise of such judicial power where deemed proper becomes an imperative award of justice and must not be denied. It differs from the exercise of the executive power of commutation which is an act of grace and may be refused. (See *Fritz* v. *State*, 8 Okla. Crim. Rep. 342, 128 Pac. 170.) Nevertheless, the judicial power should be exercised with caution and only upon a manifest showing from the evidence of an abuse of discretion or that the severity of the punishment imposed is a result of prejudice or passion. (*State* v. *Jergenson* [Iowa], 202 N. W. 13; *Clark* v. *State*, 37 Okla. Crim. Rep. 89, 256 Pac. 941; *Welch* v. *State*, 20 Okla. Crim. Rep. 190, 201 Pac. 524.)

Although the evidence shows that the violation was aggravated by the voluntary consumption of intoxicating liquor, it does not establish that the violation was a flagrant one nor that the defendant's culpability was excep-

tionally great. The only evidence material to the charge of heedless and reckless driving is that of the colliding and sideswiping, no other erratic or furious driving, nor any inordinate fast rate of speed or loss of control of the automobile by the defendant, having been proved. Further, no personal injuries or other than minor property damages resulted. In addition, the defendant, except for a prior conviction recorded more than five years previously for the offense of driving while under the influence of intoxicating liquor, was a law-abiding citizen who worked as a mechanic to support his wife and five children, he being neither a habitual user of intoxicants nor a habitual offender of traffic laws. Such is the evidentiary extent of the defendant's violation and circumstances of his culpability, which in our opinion do not merit incarceration.

It is patent upon the face of the record that imprisonment of this particular defendant for a year in jail is not warranted by the evidence and would be too severe a punishment, it being neither commensurate with the offense as committed nor proportionate to the degree of culpability as shown by the proof and serving no useful purpose to either society or himself. It is apparent therefrom that the punishment of a year in jail was arbitrarily inflicted, the record disclosing no exploration by the trial judge into the field of what constitutes an appropriate punishment nor a showing that he requested or received any aid or recommendations from counsel or probation officer. The record therefore manifests an abuse of discretion which is a judicial error this court must rectify, it being of the opinion from the evidence that imprisonment for a year in jail is an excessive punishment and the infliction thereof an error trammelling upon the defendant's substantial rights to a just punishment.

Quite obviously, therefore, the interests of justice de-

mand mitigation at least of the punishment of imprisonment, if not that of suspension. In that each is a co-ordinate part of the same punishment, mitigation of one necessarily involves consideration of the other in relation to the whole. The apparent primary purpose of imposing these particular penalties was to make certain that for a definite period there would be no repetition of the offense by the defendant. Although this is a legitimate objective, it may be accomplished without the severity of imprisonment. Under all the circumstances of the case imprisonment would be not only an injustice to the defendant, but a hardship upon his large family as well as an injury to society, which could be as effectively protected by a fine and suspension of driving license. It is thus evident that a fine and suspension of license are the appropriate penalties and that of the two penalties suspension is the more essential and effective part of the punishment as a whole. Therefore it will be decided next whether the period of a year for suspension is excessive.

In determining that question it must be borne in mind that as committed by the defendant the offense of careless and heedless driving was superinduced by the effects of alcohol and involved an operation of a motor vehicle which endangered person and property. Such being the proof, the offense so committed is but another form of drunken driving for which the trial judge may invoke the penalty of suspension or revocation of driving license, such penalty being particularly suitable. The offense therefore is comparable to that of driving while under the influence of intoxicating liquor for which the trial judge shall revoke the offender's driving license (R. L. H. 1945, § 7323), such revocation having substantially the same effect as a suspension for a year in that as a matter of statute no application for a new license shall be granted until the ex-

piration of one year after the date of revocation. (R. L. H. 1945, § 7325.) It is evident therefrom that the two offenses are not only comparable, but the penalty against driving as imposed for one has substantially the same duration as the penalty required by statute for the other. Hence the period of a year for suspension is not excessive but warranted by the evidence, consonant to the spirit, if not the letter, of legislative intendment. The part of the sentence dealing with suspension for that period will therefore not be disturbed.

By allowing the full force and effect of the suspension to remain, society is adequately protected. Nevertheless, this court, as already indicated, is of the opinion that in lieu of imprisonment, the severity of which is not merited, a fine in conjunction with the suspension is required to impress the defendant with the seriousness of his offense. The amount of fine, however, poses a difficult problem due to the paucity of the record relative to the defendant's ability to pay. However, it is established that the defendant works to support a wife and five children. Consistent with the implications thereof, the district magistrate, who is deemed to be fully versed in such matters, saw fit to fine the defendant twenty-five dollars for the comparable offense of driving while under the influence of intoxicating liquor, which arose out of the same facts and circumstances as the offense for which the jury returned a verdict of guilty. Together with the mandatory revocation, this fine marked the extent of punishment which the magistrate adjudged to be commensurate and appropriate. Under these circumstances his wisdom in imposing that amount of fine will be taken as a gauge to the mitigation required and the imprisonment of a year in jail reduced accordingly.

For the reasons assigned, that part of the sentence imprisoning the defendant is modified by reducing the

penalty from a year in jail to a fine of twenty-five dollars without disturbing the other part suspending his driving license.

As modified, the judgment is affirmed and the cause remanded below for imposition of the modified sentence.

*A. K. Trask* for the defendant, plaintiff in error.

*J. V. Esposito*, Public Prosecutor, and *J. R. Desha*, Assistant Public Prosecutor, for the Territory.

### CONCURRING OPINION OF PETERS, J.

I concur in the foregoing opinion and join in the reduction of the sentence imposed. Where, as here, a sentence is held to be excessive the reviewing authority is confronted with the problem of a substitute sentence, the qualifications for the determination of which I personally lack. The power of this court, upon writ of error to reduce sentences, applies only, as I understand it, to misdemeanors, the punishment of which involves social factors with which the district magistrates are familiar. Prosecutions for misdemeanors are uniformly initiated in the district courts and the duties of the magistrates in passing sentence upon misdemeanants are purely social. They, especially the magistrates of the district of Honolulu, are experts on the subject and it is well that we receded to the sentence originally imposed by the district magistrate in this case. It is unimportant that the deprivation of the exercise by the defendant of his chauffeur's license was originally the result of the mandatory provisions of Revised Laws of Hawaii 1945, section 7323, instead of as now under the discretionary powers of Revised Laws of Hawaii 1945, section 7324. The result is the same. Superior appellate jurisdiction does not necessarily imply superiority of knowledge of or experience in social matters.