## TERRITORY OF HAWAII *v.* MASAMI IDEMOTO.

### No. 2819.

SUBMITTED FEBRUARY 14, 1951. DECIDED OCTOBER 22, 1951.

LE BARON AND STAINBACK, JJ. AND CIRCUIT JUDGE
SAPIENZA IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

The defendant was charged, tried and convicted for driving his automobile while under the influence of intoxicating liquor contrary to statute which provides maximum penalties of one year in jail or a fine of one thousand dollars or both. (S. L. H. 1949, Act 283, pt. of § 1 [§ 11721].) On conviction, he was sentenced to serve thirty days in jail and to pay the maximum fine of one thousand dollars by the trial judge who summarily revoked the defendant's driving

license pursuant to statutory mandate. (See R. L. H. 1945, § 7323.) From the judgment of the trial court the defendant sued out writ of error.

The sole question presented on error meriting consideration is whether the sentence, in the opinion of this court, is so excessive that its imposition constitutes a highly prejudicial error injuriously affecting the substantial rights of the defendant to be punished appropriately and justly and requiring this court to reduce the sentence under its revisory power pursuant to the provisions of section 9564, Revised Laws of Hawaii 1945.

In approaching that question this court takes cognizance of the serious nature of the crime of driving while under the influence of intoxicating liquor and of the resultant aggravation which adheres to the offense itself. So great is the potential danger to the public of a drunken driver upon the public highways that the offender deserves severe punishment. But there are degrees of criminality in committing the offense, and in order for any of the maximum penalties to be appropriate and just there must be something more than the ordinary incidents of a technical violation. By the same token the imposition of sentence inflicting a particular punishment among the vast range of possible penalties within the limits prescribed by statute must be predicated upon the evidence and governed by it.

During the night time, the defendant while intoxicated drove his automobile for some seven or eight miles at a moderate rate of speed on the main streets of the city without accident. But in attempting to make a U turn at a slow rate of speed on a poorly lighted side street he caught the front bumper of his automobile in a wooden gate, which was a part of a wooden fence fronting the side street, and was unable to extricate it. At that time of night, the side street was free of both traffic and pedestrians. As a result of the accident, the gate and a wooden fence post be-

came slightly sprung and loosened. The owner of the fence and his wife stood a short distance back of the fence and witnessed the defendant's predicament. The defendant stopped his automobile and asked them if they knew or could see what was retarding the automobile in backing away from the fence. But they remained silent. This angered the defendant. He got out of his automobile and quarreled with the owner of the fence, using vile epithets against him. His conduct became so offensive that the owner's wife threatened to call the police. The defendant concurred in this threat. As a result the police were called. Three police officers arrived. The defendant was arrested and thereafter pronounced drunk. The sole evidence of deleterious influence which his drunkenness had upon his driving, however, is limited to that of his clumsy attempt to make a U turn and to extricate the bumper of his automobile. Such is the evidentiary extent and character of the defendant's violation in contradistinction to his offensive conduct after he stopped driving. It demonstrates that the offense as committed by the defendant did not greatly exceed the aggravation inherent in the offense itself. This is evinced by the fact that his drunken driving involved no excessive, furious or erratic speed, no appreciable loss of control of his automobile, no apparent endangerment of his life or the lives of others upon the highway, no personal injuries, no property damages, other than negligible injury to a gate and fence post, and no other manifestation of a high degree of culpability.

The evidentiary extent and character of the defendant's violation must be considered in the light of the defendant as an individual and of the circumstances surrounding the imposition of sentence upon him. The evidence is undisputed that the defendant is not a habitual drunkard and has no prior criminal record other than a minor infraction of the traffic code in failing to make a required boulevard

stop, which is an amazingly good record when viewed in the light of the fact that he has driven an automobile for the past twenty-eight years and a milk truck for the last nineteen years, eight hours a day for five days a week. Moreover, it is undisputed that he has a wife and five children dependent on him for their support and maintenance, presumably from his earnings as a truck driver. No presentence inquiry or any other investigation of his financial condition and ability to earn a living, other than by driving a truck, was made below as ordinarily is the case. But in fairness to him at this time, it is reasonable to infer from his apparent walk in life and heavy family obligations that he is a man of moderate means whose sole source of income is derived from driving a truck. By mandate of statute his license to drive any motor vehicle was revoked, irrespective of whether he can otherwise earn a livelihood, which protects society from a repetition of the offense for a year from his conviction as far as he is concerned. (See R. L. H. 1945, § § 7323, 7325.) He thus stood before the trial court as a truck driver, shorn of the privilege to drive a motor vehicle for a year, and as an industrious and otherwise law-abiding citizen and head of a large family awaiting to be punished for his first serious traffic offense.

Under all the facts and circumstances of the case, it is patent that any maximum penalty prescribed by the statute —and certainly when it is combined with a substantial penalty—would be too severe a punishment for this particular defendant. Nor would it be commensurate with the offense as committed or proportionate to the degree of his culpability. On the contrary, it would be an injustice to him and an injury to society. In the opinion of this court, the punishment of maximum penalty to pay a fine of one thousand dollars in conjunction with that of substantial penalty to serve thirty days in jail, as well as the sentence inflicting those punishments on the defendant, are unwarranted by

the evidence and so excessive that the imposition thereof not only indicates a disregard of the substantial rights of the defendant but constitutes a highly prejudicial error injuriously affecting those rights. Justice therefore requires this court to exercise its revisory power of statute (R. L. H. 1945, § 9564) in correction of that error by reducing the excessive sentence in accordance with the principles enunciated by this court in *Territory* v. *Chong,* 36 Haw. 537, and in *Territory* v. *Kunimoto,* 37 Haw. 591.

This court, however, does not intend to establish a precedent for any relaxation from rigid enforcement of the statute prohibiting driving while under the influence of intoxicating liquor but intends to strike a balance between the punishment of the offender and the protection of the public. Consonant thereto, it deems that a sentence to serve ten days in jail and to pay a fine of one hundred dollars would suffice to meet the ends of justice, not only as an appropriate and just punishment for this particular defendant, but as an example to others. The sentence on error is hereby reduced to that punishment without disturbing the revocation of the defendant's license to drive.

Sentence set aside and cause remanded below with instructions to impose a new sentence of reduced punishment consistent with this opinion.

*Fong, Miho & Choy* for plaintiff in error.

*C. M. Hite,* Public Prosecutor, and *A. R. Hawkins,* Assistant Public Prosecutor, for defendant in error.