## TERRITORY OF HAWAII *v.* DOJIRO OSHIRO.

### NO. 2824.

ARGUED MARCH 6, 1952.  DECIDED MARCH 13, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE RICE,
IN PLACE OF TOWSE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY STAINBACK, J.

Defendant, plaintiff in error, was convicted by a jury in the circuit court of the first judicial circuit for the offense of driving an automobile while under the influence of intoxicating liquor; he was sentenced to imprisonment in the city and county jail for a period of thirty days and to pay a fine of five hundred dollars. His license was automatically revoked for a period of one year under section 7323, Revised Laws of Hawaii 1945.

There is no dispute as to the sufficiency of the evidence to sustain the conviction but the defendant claims error on the ground that the sentence was "excessive and disproportionate for the offense committed" and asks the court to

exercise its power to reduce the sentence under the provisions of section 9564, Revised Laws of Hawaii 1945, which provides: "* * * In case of a conviction and sentence in a criminal case, if in its [the supreme court's] opinion the sentence is illegal or excessive it may correct the sentence to correspond with the verdict or finding or reduce the same, as the case may be. * * *"

It appears that defendant on Saturday, December 19, 1949, visited a friend who lived in Kaimuki, driving there sometime before eight o'clock p.m.; that, according to his testimony, after spending some forty minutes indulging in some two or three highballs, defendant left with his friend, driving his automobile towards town; near Thomas Square on Beretania Street he made a left turn into Piikoi Street for the purpose of having refreshments at a restaurant located near King Street on Piikoi Street; as defendant attempted to make a right turn into the driveway next to the restaurant he collided with a parked car owned by the complaining witness. The damage was not great and no one was injured. Defendant was taken to the emergency hospital and on examination by a physician was pronounced drunk. An analysis of his urine was found to contain 2.5 milligrams per cc. or .25 per cent of alcohol content.

Defendant was convicted on two previous occasions for failing to make a boulevard stop and had been fined twenty-five dollars on each occasion. Otherwise his record had been good.

There was no evidence prior to the sentence in the instant case to show anything regarding the defendant's financial status.

Counsel calls attention to a large number of local cases involving driving while under the influence of intoxicating liquor and states that only four individuals thus charged had drawn jail sentences and makes a very insistent argument that no jail sentence should be imposed in the present

case. He quotes from the case of *Territory* v. *Kunimoto*, 37 Haw. 591, to the effect that "The legislature thus impliedly recognizes varying degrees of guilt or culpability for the offense and gives a trial judge a wide latitude in determining not only appropriate punishment for the *protection* of society and reformation of the offender, but also whether those interests would be better served by suspending the sentence thereof. However, the entire matter is one for the exercise of judicial discretion. But a trial judge in so doing must act upon the evidence and be governed by it. To inflict arbitrarily a punishment of greater severity than warranted by the evidence would amount to an abuse of discretion, constituting a judicial error of a highly prejudicial nature which fortunately may be rectified in the *appellate* court." (Emphasis added.)

We agree with the foregoing statement of the law that the action of the trial judge, with its wide latitude in determining appropriate punishment for the protection of society and reformation of the offender, should not be disturbed unless it clearly appears from the evidence that there has been an abuse of the judge's discretion. The *Kunimoto* case was one of heedless and reckless driving; it was first tried in the district court and then appealed to the circuit court. The sentence of the trial judge was one year's imprisonment; this court reversed the trial judge's sentence and imposed the original sentence as fixed by the district magistrate which, unfortunately, did not include a jail sentence.

In the case of *Territory* v. *Chong*, 36 Haw. 537, there was involved the taking of a right of way of another vehicle where the defendant was sentenced to a *year's* imprisonment. As in the *Kunimoto* case, the court said that this case stated no high degree of culpability and no inordinate rate of speed, etc., and that the defendant himself sustained the only personal injury, that there was no "extraordinary

or flagrant violation of the law warranting the severe measure of punishment imposed by the trial judge, nor do the interests of justice require it as an example for others."

From the last quotation and from the decision in the case of *Territory* v. *Kunimoto, supra,* counsel for the defendant makes the argument "That the deterrent theory of criminal punishment with reference to driving while under the influence of intoxicating liquor is not followed in this jurisdiction * * *." We do not so interpret these decisions, but the purpose of punishment is, as stated, for the trial judge to impose "appropriate punishment for the protection of society and reformation of the offender." (*Territory* v. *Kunimoto, supra,* p. 596.)

The imposition of punishment for crimes is twofold. In olden days some commentators said threefold, setting forth vengeance or retribution as one motivating force, but we believe the modern criminologists limit themselves to two purposes, (1) the prevention of future crime by the defendant through education, reformation or detention, and (2) the deterrence of others (as well as the defendant) from committing such crime for fear of similar punishment; of the two the latter probably is the more important. Unless this was so, one could never justify capital punishment because capital punishment certainly does not reform the individual executed and the individual can be prevented from future crime by adequate safekeeping, so the only purpose in capital punishment is to deter others. This reasoning, that is, the prevention of others doing likewise, is much more powerful in the case of drunken and reckless drivers than in the case of murder, for giving jail sentences to drunken and reckless drivers will save far more lives than hanging murderers.

When one considers that deaths by motor vehicles have exceeded the casualties in all the nation's wars and that deaths from traffic accidents last year alone exceeded the

deaths for a similar period during the war in Korea, the importance of improving the driving of even a portion of drivers of motor vehicles in order to save more lives is evident.

Further, in view of the fact that the number of cases of reckless and heedless driving and driving while under the influence of intoxicating liquor has increased in the last two years, it is obvious that this court and the lower courts, both circuit and district, have been too lenient in the penalties heretofore imposed, that such penalties have not acted as the proper deterrent to others.

The drunken driver and the heedless and reckless driver menace life, limb and property and only a severe punishment can be deemed adequate to restrain them. The experience of the city of Detroit and that of other communities has shown that the imposition of a jail sentence is a powerful deterrent to would-be offenders. It is to be hoped that in the future every person convicted of driving while under the influence of intoxicating liquor and every person convicted of heedless and reckless driving that endangers the lives and safety of others will receive and be forced to serve a jail sentence unless there are unusual extenuating circumstances involved.

The latest case before this court, *Territory* v. *Idemoto,* 39 Haw. 152, is very similar to the present one. In that case the driver was under the influence of intoxicating liquor but caused no personal injury and only slight property damage. His sentence of thirty days in jail and the maximum fine of one thousand dollars was reduced to ten days in jail and a fine of one hundred dollars. However, in that case the defendant, whose livelihood depended upon driving a truck, was very seriously punished by the loss of his license for a year and, further, he had a large family to support and the monetary penalty was very much more

serious to him than appears in the present case so far as there is any evidence before us.

We are of the opinion that the trial judge in the present case correctly imposed both jail sentence and fine. However, in view of the fact that the defendant has had a reasonably good driving record over a long period of time and that there was no injury to persons and only slight damage to property, we think that a jail sentence of fifteen days and a fine of two hundred fifty dollars would be appropriate.

The case is remanded to the lower court with instructions to impose a sentence of fifteen days in jail and a fine of two hundred fifty dollars.

*G. Nakamura* (*Y. Fukushima* on opening brief; *Y. Fukushima* and *G. Nakamura on reply*) for plaintiff in error.

*J. H. Kamo,* Assistant Public Prosecutor (*A. R. Hawkins,* Public Prosecutor, with him on the brief), for defendant in error.