TERRITORY OF HAWAII *v.* ADAM D. DA SILVA.

No. 4108.

ARGUED JUNE 3, 1959.　　　　　　DECIDED JUNE 26, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellant was originally convicted in the District Court of Honolulu for driving through an intersection in disregard of a red traffic light, contrary to section VI-1 of Ordinance No. 1508, Traffic Code, of the City and County of Honolulu, and was

sentenced to pay a fine of $15, of which $10 was suspended for 13 months. On appeal to the circuit court, he was again convicted, after a trial by a jury, and was sentenced to pay a fine of $100. The case is before this court on a writ of error.

We see no error in appellant's conviction. However, we think that the fine of $100 is excessive. There is no evidence that appellant has a prior record of traffic violation. The violation occurred at 11:30 o'clock at night. There was no other traffic at the intersection at that time. The following proceeding took place after the jury returned its verdict:

"THE COURT: Has the Prosecutor any recommendation in this matter?

"MR. PAI: Yes, if the Court please. We recommend that the fine down at the District Court be accepted by this Court, plus the cost of the proceedings.

"THE COURT: Well, what do you mean by the cost of the proceedings?

"MR. PAI: Well, I recommend a fine of $100.00, if the Court please.

\* \* \*

"THE COURT: By reason of the verdict of the jury, it is the judgment of the Court that you Adam D. Da Silva are guilty of the offense of disregarding a red light as charged in Criminal No. 30244. It is the sentence of the Court that you pay a fine of $100.00."

Thus, it is apparent that appellant was subjected to a bigger fine in the circuit court not because the prosecutor proved an offense of greater gravity against him but solely because appellant exercised his statutory right to appeal. We cannot say that the appeal was altogether frivolous. This court has the authority under R.L.H. 1955, § 212-14, to reduce the sentence which it considers excessive, and has exercised that authority in a number of previous cases. (*Territory* v. *Oshiro*, 39 Haw. 303; *Territory* v. *Idemoto*, 39 Haw. 152; *Territory* v. *Kunimoto*, 37 Haw. 591; *Territory* v. *Chong*, 36 Haw. 537.) We think that the ends of justice will be met by an imposition of a fine of $15.

The case is remanded to the circuit court with instruction to impose a fine in accordance with this opinion.

*O. P. Soares* (also on the brief; no reply brief filed) for plaintiff in error.

*Lincoln J. Ishida,* Assistant Public Prosecutor (also on the brief) for defendant in error.