# TERRITORY OF HAWAII *v.* JACINTHO A. de NOBRI-GA, MATHIAS BAPTISTA and JOAO CORDEIRO.

## EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED JUNE 27, 1904.                    DECIDED JULY 11, 1904.

### FREAR, C.J., HARTWELL AND HATCH, JJ.

EXCEPTIONS—*no jurisdiction of questions not raised by.*

> This Court has not jurisdiction of a motion to discharge the defendants on the ground presented here for the first time that the record shows no sentence passed in the court below.

EVIDENCE, LARCENY—*propriety of particular question under the circumstances.*

> A witness for the prosecution having testified that he visited a locality at night to watch his cattle may properly testify "We had been missing cattle right along and proposed to go up that night and watch for cattle thieves."

SAME.

> It is not prejudicial error to rule out on cross-examination of a witness for the prosecution the question whether one of the defendants had a short time before purchased certain cattle for butchering purposes, the defendant himself afterwards having testified fully on the subject.

SAME.

> A witness having testified for the prosecution that he had found the hide of the stolen steer under C's house the question asked on

cross-examination whether there was "No attempt to hide it?" is properly ruled out.

INDICTMENT—*averment of ownership of stolen property.*

The question of an alleged defect in an indictment for larceny of a steer averring the property to be in one The Estate of Wm. H. Rickard, deceased, ought to be raised by demurrer or motion in arrest and not for the first time in this Court on an exception that the verdict is contrary to law and the evidence; but the Court is of the opinion that the indictment is sufficient under the statute.

## OPINION OF THE COURT BY HARTWELL, J.

A verdict of guilty was rendered on an indictment charging the defendants with larceny in the second degree in stealing a steer alleged to be the "property of one Estate of Wm. H. Rickard, deceased."

Defendants' counsel filed in this Court a motion for the defendants' discharge on the ground that the record did not show that the defendants had been sentenced. The court denied the motion without calling upon counsel for the Territory to argue. In their brief, however, defendants' counsel cite authorities presented to the court in their oral argument in support of the motion and ask that the same "be considered by the court at this time."

The court sees no necessity for further consideration of this motion. The defendants' counsel in his contention restated in his brief that this court in overruling the exceptions would "affirm the sentence of the court below" misapprehends the statute on the subject. The only questions relating to the bill of exceptions which this court can determine are, "questions of law or mixed law and fact which shall be properly brought before it on exceptions". Section 1164 C. L. This motion of defendants is not presented in any manner authorized by statute nor does it present any subject within the jurisdiction of this court.

The exceptions relied on by the defendants are as follows:

A witness for the prosecution having testified that he and several others had gone on a certain night to a field "to watch our cattle" was asked "Why did you go up there to watch those

cattle?" to which he replied, "We had been missing cattle right along and I proposed to go up that night and watch for cattle thieves." The defendants excepted to the denial of their motion to strike out this evidence.

It is urged for the defense that this was error as the only purpose of the testimony could have been to work upon the prejudices of the jurors and to attempt to cast suspicion upon the defendants as to their alleged thefts, and cases were cited to the effect that evidence of other thefts by the defendants would not be admissible. The evidence objected to, however, does not tend to show that the defendants had been guilty of other thefts but as a proper explanation of the motive of the witness in being in the place where he was by night and watching for cattle thieves generally. It could only be a guilty conscience which would ascribe to the testimony the inference that it was the defendants who had been guilty of other thefts. The evidence that the witness had been missing cattle right along and was watching for cattle thieves could only injure the defendants upon the unfounded and unasserted claim that they were the ones who had stolen other missing cattle.

The same witness was asked by defendants' counsel upon cross-examination, "Do you know whether a short time prior to November 27th Jacintho Nobriga purchased certain cattle for butchering purposes?" The question on objection by counsel for the prosecution that it was immaterial was ruled out, defendants' counsel excepting. If it were assumed that this question was proper enough on cross-examination, although not appearing to be material, yet as the defendant afterwards testified fully on the subject (p. 98, transcript of evidence) it cannot be said that the defendants were prejudiced by the ruling out of the question.

A further exception of the defendants was to the ruling out of the following question in their cross-examination of the witness Kaekuawela, viz:

"Then after you went up to find the hide at the house of Cordeiro you stated that the hide layed out there with no at-

tempt on the part of whoever put it there to hide it?" Witness having upon direct examination testified that the hide "was under Jacintho Cordeiro's house" the defense was not entitled to require the witness upon cross-examination to state anything more than what he saw, he could not be required to give inferences such as the question suggested.

Upon the defendants' exceptions to the verdict as "contrary to the law, to the evidence and to the weight of the evidence" their counsel now for the first time claim that the indictment is fatally defective in laying the property of the steer in "The Estate of Wm. Rickard, deceased." A verdict is contrary to law, within the meaning of an exception of this nature, when it is contrary to law as claimed and ruled upon at the trial. In each instance questions of law having arisen and been ruled upon exceptions lie to the rulings; but upon this claim of a defect in the indictment there has been no ruling upon which an exception lies.

A demurrer or a motion in arrest of judgment would have raised the question of the validity of this indictment and secured a ruling from which an exception would regularly lie.

While we do not like to rule upon questions of law not so presented as to come within the jurisdiction of this court, yet as counsel on each side have argued upon the question of the alleged defect in the indictment we have considered the question in order to avoid occasion for a writ of error, and are of the opinion that the averment of ownership in the indictment is sufficient under the statute which declares "It is enough that it appear that it is not the taker's and that it does not appear to be derelict; and in case of doubt whether a thing is derelict, the presumption is that it is not so." Sec. 130, P. L.

The words "Estate of A. B., deceased," mean nothing else than the estate which belonged to "A. B., deceased"; no other meaning could possibly be intended. No one for a moment would be misled by the usual form of notice in probate "In the matter of the estate of A. B., deceased". Common usage has sanctioned this personification of "estate". The word "of" does

not necessarily mean present possession, but if such were its meaning, the averment would not allow the inference that the steer was derelict but would require an inference that it was not the taker's.

The exceptions are overruled.

*Lorrin Andrews,* Attorney General, *E. A. Douthitt,* for the Territory.

*E. M. Watson* for defendants.