## C. KAMETANI AND S. NISHIHIRA *v.* OKUHAMA, MINATOGAWA AND KEMBO, WHOSE FIRST NAMES ARE UNKNOWN TO PLAINTIFFS.

### No. 1598.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

ARGUED MAY 25, 1925.                    DECIDED JUNE 1, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

WITNESSES—*credibility and impeachment—cross-examination concerning specific offenses.*

    While a witness may be asked on cross-examination as to specific acts and matters showing his general moral character in so far as this may affect his credibility, it is within the discretion of the judge presiding at the trial whether to allow or disallow the particular questions asked and claimed to be of this general nature. The trial judge's ruling will not be disturbed unless it can be said under the circumstances of the particular case under consideration that there was in his ruling an abuse of discretion.

EVIDENCE—*sufficiency to support the verdict—credibility of witnesses.*

    Under an exception to the verdict on the ground that it is contrary to the evidence, this court cannot consider questions of credibility of witnesses. The only question which it can consider is whether evidence was adduced, substantial and more than a mere scintilla, sufficient to support the verdict. The evidence in this case is held sufficient to support the verdict.

### OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit. In the declaration the plaintiffs alleged that on or about December 1, 1920, they sold and delivered to the defendants "a field prepared for pineapples in the district of Makawao, County of Maui," for the agreed price of $10,150 and that the defendants although requested had failed to pay the sum of $2,906.10. By an amendment duly allowed by the court at the beginning of the trial the plaintiffs added a second count to the

effect that "plaintiffs and defendants accounted with
each other" at Pauwela, Maui, on November 16, 1920, and
that "on such accounting there was found to be due to
plaintiffs from the defendants the sum of $2,906.10,
which sum defendants undertook and faithfully promised
to pay unto plaintiffs." The jury rendered a verdict in
favor of the plaintiffs for the amount claimed. The case
comes to this court on exceptions.

One of the exceptions is to the verdict on the ground
that it was contrary to the law and the evidence and to
the weight of the evidence. Evidence was adduced at the
trial by the defendants as well as by the plaintiffs.
There was a direct conflict between the testimony given
for the defendants and that given for the plaintiffs, and
there were also some contradictions and discrepancies in
the evidence adduced by the plaintiffs. Questions of cred-
ibility, however, are solely for the jury to determine and
the only question open for consideration under the excep-
tion to the verdict is whether there was substantial evi-
dence, more than a mere scintilla, sufficient to support the
verdict for the plaintiffs. There was evidence, direct and
circumstantial, tending to show the following facts: that
one Charles Awai, being at the time the holder of a lease
of about fifty acres of pineapple land, entered into an
agreement whereby he was to assign the lease to the two
plaintiffs and one Gibo; that subsequently, Gibo having
departed for Japan, the plaintiffs entered into an agree-
ment with the defendants Okuhama and Minatogawa and
another Gibo whereby they were to sell and the two
defendants just named and Gibo were to buy the lease-
hold interest thus contracted to be assigned by Awai to
the plaintiffs; that subsequently by agreement between
the two plaintiffs, the three defendants and the Gibo
who was associated as above stated with two of the de-
fendants, the defendant Kembo, sometimes called Kane-

taki, was substituted for the Gibo associated with the two defendants as a purchaser of the lease; that subsequently, by agreement and under the instructions of the plaintiffs, the defendants and the retiring Gibo, Awai executed and delivered to the three defendants an assignment of the lease and the defendants took possession of the land; that certain payments were made by the defendants to or for the plaintiffs on account of the agreed price of $10,150 which the three defendants were to pay for the leasehold interests; that on or about November 16, 1920, at the time when Awai executed and delivered to the three defendants the assignment of the lease, the question of the amount due from the three defendants to the two plaintiffs was carefully considered at a meeting attended by them all and as a result of such consideration it was expressly agreed by and between the two plaintiffs and the three defendants that the defendants owed to the plaintiffs a balance of $2,906.10 and promised to pay the same to the plaintiffs; that this balance was not paid and was still due and owing by the defendants to the plaintiffs at the time of the trial; and that demand was made therefor. If this evidence was believed by the jury, and the inference from the verdict is that it was, it was clearly sufficient to support a verdict for the plaintiffs for the amount claimed.

Another of the exceptions is to the refusal of the presiding judge to permit the defendants on cross-examination to ask one of the witnesses for the plaintiffs the question: "Is it not a fact that during the years 1921 and 1922 you issued a number of checks on the Baldwin Bank to numerous parties when you knew you had no money in the bank?" The contention is that the answer to this question would have disclosed that the witness was unworthy of credence and *Ter. v. Buick,* 27 Haw. 28, 46, 47, is referred to in support of the contention. In that case

the trial judge permitted the prosecution to ask a witness on cross-examination whether at a certain time stated he was living in adultery with a person named. Upon exceptions this was held not to constitute error. In the case cited this court held that a witness on cross-examination "may be questioned as to specific acts and as to matters showing his general moral character in so far as this might affect his credibility;" but it also held that "the extent to which disparaging questions, not relevant to the issue, may be put on cross-examination, is discretionary with the trial court and its rulings are not subject to review here unless it appears that the discretion was abused." In the case at bar, particularly in view of the fact that the question as asked did not specify whether the checks referred to were or were not intended to be presented at a time when the witness expected to have funds in the bank, it cannot be said that the trial judge was guilty of an abuse of discretion in disallowing the question.

There was perhaps some discrepancy between the date of the contract of sale as alleged in the declaration and that proven at the trial but the contract of sale sued upon was otherwise abundantly identified by the evidence adduced. There was no motion for a verdict on the ground of variance and the point was not in any way called to the attention of the trial court. Under these circumstances it cannot avail the defendants now.

All of the other exceptions referred to in the briefs or in the oral argument have been considered and are found to be without merit.

The exceptions are overruled.

*H. L. Wrenn* (*A. E. Jenkins* and *J. L. Coke* with him on the brief) for plaintiffs.

*W. C. Tsukiyama* (*E. Vincent* and *Huber & Kemp* with him on the briefs) for defendants.