## TERRITORY v. E. A. TAOK.

### No. 2168.

SUBMITTED SEPTEMBER 6, 1935.          DECIDED SEPTEMBER 12, 1935.

### COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

The defendant was complained against upon the information of the public prosecutor of the City and County of Honolulu for the offense of gross cheat in language following: "That E. A. Taok, at Honolulu, City and County of Honolulu, Territory of Hawaii, on the 10th day of December, 1933, did unlawfully, knowingly and designedly by false and fraudulent representations and pretenses defraud one Maximo Bantigue of his personal property, to-wit, the sum of five dollars ($5.00), lawful money of the United States of America, by falsely, fraudulently and designedly representing to the said Maximo Bantigue that if he, the said Maximo Bantigue, would and did join the Filipino Labor Union and pay the sum of five dollars

($5.00), lawful money of the United States of America, as and for a membership fee in and to said union, he, the said E. A. Taok, would secure for the said Maximo Bantigue free transportation from said Honolulu to the Philippine Islands and the said E. A. Taok by the false and fraudulent representations and pretenses aforesaid, did induce the said Maximo Bantigue to join the said Filipino Labor Union and did secure from the said Maximo Bantigue the said sum of five dollars ($5.00), lawful money of the United States of America, then and there well knowing that he, the said E. A. Taok, could not secure for the said Maximo Bantigue free transportation from said Honolulu to the Philippine Islands as aforesaid, and did then and there and thereby violate the provisions of section 4246 of the Revised Laws of Hawaii, 1925." No dilatory plea to the information was filed by the defendant. Nor was any motion in arrest of judgment made by him after his conviction by a jury of the offense charged.

The defendant urges in this court but two exceptions, both involving merely the general exception to the verdict as contrary to the law and to the evidence and to the weight of the evidence.

Defendant contends that the verdict is contrary to the evidence in that (a) the prosecution failed to show a specific intent to defraud; (b) that the defendant was not guilty of any false pretense, it affirmatively appearing from the evidence that prior to trial the defendant had been indirectly if not directly instrumental in securing the Hawaiian Sugar Planters Association to provide the complaining witness with free transportation from Honolulu to the Philippine Islands; and (c) that even assuming that the defendant designedly made the false representations to the complaining witness as alleged said false representations did not constitute a "false pretense" as that term is employed in the statute.

A general exception to a verdict on the ground that the same is contrary to the law does not raise the question of whether the information is legally sufficient to charge an offense against the laws of the Territory. Such an exception merely raises the question of whether or not the verdict is conformable to the law as laid down by the court in its instructions to the jury or otherwise. (*Territory* v. *Nobriga,* 16 Haw. 29, 32.) A general exception to a verdict as contrary to the evidence and to the weight of the evidence merely raises the question of whether or not there is sufficient evidence to sustain the verdict, that is, whether or not the evidence is of that substantial character as to amount to more than a mere scintilla. (*Kametani* v. *Okuhama,* 28 Haw. 458.) Obviously if we were satisfied that the complaint was fatally defective it would be an idle gesture to consider whether or not the verdict was contrary to the evidence and to the weight of the evidence. Moreover to overrule the exception would be to leave the defendant convicted of an offense unknown to the law.

Before trial fatal defects in a criminal complaint may be taken advantage of by the defendant by demurrer or motion to quash. After conviction, by a verdict or a plea of guilty, the corresponding proceeding before sentence is arrest of judgment. After sentence, failing exceptions upon rulings on demurrer, motion to quash or arrest of judgment, review alone may be had by writ of error. (1 Bishop's New Cr. Proc. § 1282, p. 792; *Territory* v. *Nobriga, supra.*) Nor is a fatal defect in an information cured by verdict.

We are moved in this case, however, to presume to examine the sufficiency of the information upon our own motion. The time within which the defendant might have prosecuted a writ of error has elapsed. Moreover we are not satisfied that if the complaint charges the offense of gross cheat as defined by the statute the defendant

was guilty of any specific criminal intent or that his representations were false. An analysis of the evidence to substantiate this statement would, however, serve no useful purpose in view of our conclusion that the complaint wholly fails to allege the offense of gross cheat as that offense is defined in section 4246, R. L. 1925.

Section 4246, R. L. 1925 (now § 5960, R. L. 1935), provides: "Whoever shall designedly, by any false pretense, and with intent to defraud, obtain from another any money * * * is guilty of a gross cheat * * *."

Our statute defining the offense of gross cheat is modeled upon the English statute of 30 Geo. II c. 24, § 1. Many of the states similarly derived their definition of the offense from the same source. Hence we may safely assume that the legislature of the Kingdom of Hawaii in adopting the definition contained in the English statute adopted the construction theretofore placed by the English and American decisions upon terms of definition common to both the English and American statutes. And this is particularly so in respect to the legal definition of the term "false pretense" which is common to the English statute, to many of the state statutes and to our own. For it is the legal and not the lexicographic definition of that term with which the statute is concerned.

The English and American cases uniformly construe the term "false pretense" as a false representation of an existing fact or past event and not of something to take place in the future. Reference to but a few of the best considered cases will suffice: *Reg.* v. *Oates,* 6 Cox C. C. 540, 547; *Rex* v. *Goodhall,* Russ. & Ry. 462, 168 Eng. Repr. 898, 899; *McKenzie* v. *State,* 11 Ark. 594, 596; *Commonwealth* v. *Drew,* 19 Pick. (Mass.) 179, 185; *Chapman* v. *State,* 39 Tenn. 36, 43; *Biddle* v. *United States,* 156 Fed. 759, 764; *Jacobson* v. *State,* 209 Pac. (Ariz.) 310; *Young* v. *The King,* 3 T. R. 99, 100 Eng. Repr. 475, 477; *The People* v.

*Johnson,* 12 Johns. (N. Y.) 292; *The People* v. *Dalton,* 2 Wheel. Cr. 161, 178; *The People* v. *Conger,* 1 Wheel. Cr. 448, 456.

The false pretense of which the defendant is charged in the instant case is an undertaking to secure for the complaining witness in the future free transportation from Honolulu to the Philippine Islands. It has no reference to an existing fact or past event and relates solely to something to take place in the future. The remedy for such a false pretense is a civil action on the case and not a criminal prosecution for gross cheat. "False pretenses" are not to be confounded with and do not include false representations of a future undertaking.

We are not unmindful of the rule that where the alleged false pretense though containing a future undertaking is coupled with a false statement of fact the statement of fact and promise may be considered as together constituting a false pretense. But that is not the situation here. The alleged false pretense merely consists of an undertaking by the defendant to furnish the complaining witness with free transportation from Honolulu to the Philippine Islands if and when the latter joined the Filipino Labor Union, a promise to be performed in the future, contingent upon the complaining witness's joining the Filipino Labor Union. And however false that representation may have been it was not under the authorities a "false pretense" within the meaning of the statute.

The appellant absolutely failed to comply with the provisions of rule 3 (b) of this court that the brief contain "a specification of the exceptions or assigned errors which are relied upon." Failure to observe this rule may merit dismissal. Its observation conforms to the best practice and eliminates all doubt of the actual errors assigned.

The cause is remanded with instructions to the trial court to discharge the defendant.

*J. C. Kelley,* Public Prosecutor, and *E. N. Sylva,* Assistant Public Prosecutor, for the Territory.

*B. S. Ulrich* for defendant.