THE CITY AND COUNTY OF HONOLULU *v.*
TAM SEE.

No. 2721.

ARGUED JUNE 26, 1950.                    DECIDED JULY 8, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY KEMP, C. J.
(Le Baron, J., concurring.)

This is a proceeding in eminent domain. On April 25, 1943 the board of supervisors of the City and County of Honolulu, by resolution number 132, authorized the condemnation of ten parcels of land, including the parcel sought to be condemned. The public use and purpose for which said land was to be acquired are stated in said resolution as follows:

"That for public use and purpose, to-wit, the providing of *playground and park area* in Manoa Valley, City and County of Honolulu, Territory of Hawaii, proceedings in eminent domain, as provided by law, be instituted for the acquisition of" the ten parcels of land, including parcel 10. (Emphasis added.)

On August 10, 1943 the City and County of Honolulu, a municipal corporation, filed its petition against Tam See (widow) and American Finance, Limited, an Hawaiian corporation, seeking to condemn parcel 10 of the land described in resolution number 132. In the petition it is alleged, *inter alia,* that "plaintiff has been and now is desirous of purchasing, acquiring, condemning and holding the hereinafter described piece, parcel or strip of land, together with all the right, title, interest and estate of the defendants above named therein and thereto, for a public use and purpose; to-wit, for *park and playground* purposes * * *." (Emphasis added.)

The petitioner's allegation of the public use and purpose to which the land sought to be condemned is to be put is in compliance with the mandatory provision of section 310 of the Revised Laws of Hawaii 1945, which provides, among other things, that the petition must contain a statement of the use to which the land sought to be condemned is to be put and whether the same includes the whole or only a part of an entire tract or parcel.

On July 15, 1947 the plaintiff moved the court for an order putting plaintiff in possession. This motion was supported by the affidavit of J. E. Lyons, superintendent of public parks and recreation, in which he states that "the public use for which the parcel of land described in the petition heretofore filed in this cause is sought to be taken by these proceedings is for *park and playground purposes* * * *." (Emphasis added.)

On the same day the court entered an order which, omitting formal parts and parts immaterial to the question of use, is in words and figures as follows:

"The 'Motion for an Order Putting Plaintiff in Possession' made and filed in the above-entitled cause on behalf of the Plaintiff, having come on regularly to be heard before the undersigned Judge of the above-entitled Court, said Motion having been supported by an affidavit alleging (a) the right of the plaintiff to maintain the above-entitled action, (b) the public use for which the real property sought to be condemned is being taken, and (c) the sum of money estimated by the plaintiff to be just compensation or damages for the taking of such real property, said sum being $2,064.00, and it appearing to the Court that said sum has been paid to the Clerk of the above entitled Court for the use of the persons entitled thereto, and the Court being fully advised in the premises.

"NOW, THEREFORE, It is hereby Ordered, Adjudged and Decreed:

"1. That the plaintiff herein be and it is hereby awarded the possession of all the real property described in the petition on file herein with the right to do such work thereon as may be required for the purpose for which the taking of said real property is sought, to-wit: *for park and playground purposes* within the District of Honolulu, City and County of Honolulu, Territory of

Hawaii. (Emphasis added.)

"2. * * *.

"3. That the sum of $2,064.00 which has been paid to the Clerk of the above-entitled Court in this cause shall be held by the Chief Clerk of this Court pending the further order or orders of the Court with reference thereto."

On July 14, 1947 the attorney for plaintiff authorized the chief clerk of the circuit court, by letter, as follows:

"The City and County of Honolulu will forthwith file a motion for an order of possession in Law No. 17093. The just compensation or damages for the taking of the land involved in this condemnation proceeding has been estimated by the plaintiff to be in the sum of $2,064.00. Will you please set aside this amount, for the purpose of paying such persons as are entitled to the same by reason of the taking of this property by the plaintiff, out of the balance of the funds deposited with you by the City for this and several other suits auhtorized [sic] to be instituted under Resolution No. 132."

On April 5, 1948 American Finance, Limited disclaimed any interest in the land herein sought to be condemned.

On April 6, 1948 the attorney for the plaintiff authorized the clerk of the circuit court to dispose of the deposit as follows:

"In view of the oral decision rendered today, April 6, 1948, in Law No. 17093, we hereby request that the sum of $2,064.00 now on deposit on the account of Law No. 17093 be transferred to the account entitled, 'Manoa Park, Parcel 8, Law No. 17218'."

The findings and conclusion set forth by the court in its written decision are, in substance:

1. That the public use and necessity, to-wit, for a

*public road into a public park and playground and proposed school premises* require the condemnation of the land described in the said petition, and that the said land is necessary for the said public use;

2. That all preliminary steps required by law have been taken and exist in order to entitle the plaintiff to maintain these proceedings and to condemn the said land and premises *for the said public use;*

3. That the defendant Tam See is the legal owner in fee simple of the property sought to be condemned;

4. That the land sought to be condemned comprises only a portion of a larger rectangular tract of land which was, on the date of summons herein, likewise owned by said defendant Tam See; that the taking of said parcel of land would leave on either side of the same, two rectangular tracts of land suitable for subdivision into lots of 5,000 square feet or more, consistent with the applicable subdivision rules; that the value of such remaining two rectangular tracts, left after the taking of the land described in the petition *for such public roadway,* far exceeds the value of the entire tract before the taking; that the construction of such a *public roadway* upon the parcel of land sought to be condemned, · and *for which public use and purpose* the taking is necessary, without any cost to the defendant Tam See, or to the property remaining after the taking, would substantially benefit the two remaining rectangular tracts of land and that the value of such benefit far exceeds the value of the said parcel of land sought to be condemned herein by the plaintiff;

5. That the defendant Tam See, under the applicable provisions of section 314 of the Revised Laws of Hawaii 1945, as amended by Act 200, Session Laws of Hawaii 1947, is not entitled to any award, or other compensation,

for the taking under the proceedings herein of the parcel of land described in said petition.

On May 13, 1948 judgment was entered by which it was ordered, adjudged and decreed, in substance: (1) that the public use and necessity as set forth in the said written decision require the condemnation of the land described in the petition; and that the said land and all improvements thereon, be and they are hereby condemned for the aforesaid public use and purpose; (2) that the defendant Tam See is not entitled to any award, or other compensation, for the taking herein of the parcel of land described in said petition; (3) that the clerk may enter and file herein a final order of condemnation investing in the City and County of Honolulu the fee simple title to the parcel of land described in the said petition.

The final order of condemnation reads in part as follows:

"That the parcel of land described in the petition on file herein and all improvements located thereon be and the same are hereby condemned for the public use of the City and County of Honolulu, to-wit, for the construction of a public road in Manoa within the District of Honolulu, City and County of Honolulu, Territory of Hawaii."

The case is now before this court upon a writ of error sued out by the defendant Tam See.

Of the eight assignments of error only assignments 1, 2 and 8 have been argued. All other assigned errors may be considered waived.

Of the assignments of error not waived only number 1, which follows, need be considered.

"The trial court erred in refusing and failing to hold that the defendant, plaintiff-in-error, who was owner of parcel 10 of the land sought to be condemned, was entitled to compensation."

Said assignment of error does not specifically raise the question of variance but we think that the question of variance is sufficiently related to the alleged error to justify its consideration in passing upon the question of whether the court erred in denying the plaintiff in error compensation.

It is a well-settled general rule that an objection on the ground of variance must ordinarily be properly raised in the trial court, so that the objection may be obviated by an amendment, and cannot be raised for the first time on appeal.

However, the above rule is subject to a well-settled exception, the exception being that the general rule has no application where the objection could not have been obviated in the court below by amendment of the pleadings or when the judgment is based upon facts found or proved but not averred. (4 C. J. S., Appeal and Error § 282, p. 548, *et seq.*)

In the resolution authorizing condemnation of the land belonging to Tam See, in the petition filed by the City and County seeking to condemn the same, and in the order placing the plaintiff in possession of said land, the public use and purpose for which condemnation was authorized and sought were "for park and playground purposes."

At the trial plaintiff's witnesses who testified as to the values, benefits and damages based their opinions on the assumption that the land belonging to the plaintiff in error was being condemned "for a public roadway." The court in its written decision said that it was being condemned "for a public road into a public park and playground and proposed school premises." In the judgment the public use was stated to be "as set forth in the said written decision." However, in the final order of condemnation the land was condemned "for the public

use of the City and County of Honolulu, to-wit, for the construction of a public road in Manoa within the District of Honolulu, City and County of Honolulu, Territory of Hawaii."

We think that the variance between the use and purpose recited in the resolution authorizing the condemnation, which was followed in the petition and order placing plaintiff in possession, but abandoned in the proof as well as in the decision, judgment, and final order of condemnation, constitutes such a variance as comes under the exception to the general rule and may be raised in the appellate court and considered under assignment of error number 1, which complains of the failure of the court to find that the plaintiff in error was entitled to compensation for the taking of her land. Both reasons for permitting the objection to be made for the first time on appeal, referred to in the authority cited, are present. The petitioner could not amend the pleading to conform to the proof by alleging that the use and purpose for which the land was being condemned were for use as a public road. That would not be within the terms of the resolution of the board of supervisors authorizing condemnation. Also the judgment and final order of condemnation are based on facts proved and found but not averred.

We conclude that it was reversible error for the court to base its decision, judgment, and final order of condemnation upon facts found but not averred.

The judgment and final order of condemnation are reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*S. Okumura,* Deputy City and County Attorney (*W. D. Godbold,* City and County Attorney, with him on the brief), for plaintiff-defendant in error.

*A. K. Trask* (also on the briefs) for defendant-plaintiff in error.

This is an action in eminent domain brought by the City and County of Honolulu to condemn certain property of the defendant, the same being part of a larger tract belonging to her. That sought to be condemned is designated as parcel ten by the petition as well as by resolution number 132, passed by the board of supervisors, authorizing its condemnation in addition to nine other parcels of land, parcel ten being described as a forty-foot strip of land approximately three hundred and thirty feet long which practically bisects the defendant's larger tract of land so as to connect a public road, *i. e.,* East Manoa Road, with the other nine parcels of land already appropriated or in the process of being appropriated. Attached to the petition is a map which delineates the connection of parcel ten with the public road in the same manner as existing roads are connected therewith. The specific public use and purpose for condemning parcel ten as alleged in the petition are "for park and playground purposes" and the general public use and purpose for which all ten parcels of land are authorized to be condemned as expressed by the resolution are "the providing of a park and playground area in Manoa Valley." After service of summons, the City and County of Honolulu paid the sum of $2,064 to the clerk of the circuit court as the amount estimated to be just compensation or damages for the taking of defendant's property. It thereupon made a motion for possession pending the action and that motion was granted by the circuit court. Issue was joined and the cause of condemnation was tried jury waived. But the issue of damages to the remainder of defendant's property by reason of the severance of the property sought to be condemned was tried on the theory that the condemned property would be used as a public road within the street system of the municipality to the same extent as a public

street in a subdivision (see R. L. H. 1945, § 6641) rather than within the averred "park and playground purposes." Accordingly, the trial court found by oral decision that the public use and purpose involved are those of "a public road" and that the benefits of frontage on a public road accruing to the remainder of the defendant's property not condemned exceed the value of the property sought to be condemned, those benefits being ones of a subdivision of her property as a whole without the cost of construction of a public street to divide such property. Pursuant thereto, it found that the defendant is entitled to no compensation or damages for the taking of parcel ten as the property sought to be condemned. Thereupon the City and County of Honolulu withdrew the amount estimated by it to be just compensation or damages for its taking of defendant's property and continued to remain in possession. Subsequently, final judgment was entered declaring the public use for the condemned property to be "a public road" and awarding no compensation or damages for its taking. In accordance therewith a final order of condemnation was entered condemning defendant's property "for the public use of the City and County of Honolulu, to-wit, for the construction of a public road in Manoa within the District of Honolulu."

The defendant relies on three assignments of error, but for the purposes of this opinion none of them needs be set forth or considered. A more fundamental error lying at the base of the entire proceedings to determine just compensation appears on the record as a manifest error requiring reversal of the judgment. That error was neither raised below nor assigned on appeal. It is the error of a material and fatal variance between the petition and not only the proof but the judgment as well. It pertains to the unmistakable discrepancy between the material

averment of "park and playground purposes" by the petition in accordance with the resolution and the proof and judgment relative to "a public road" for a public use and purpose compatible to those of a public street as a part of a subdivision within the municipal system of roads. Any effective correction of that error would destroy the very foundation of both the litigation of the issue of damages and the judgment itself. Nor is the variance capable of being cured by an amendment of the petition to conform it to the proof and judgment where as here the authority to condemn is limited to the purposes averred by the petition, the error thereof being one raisable for the first time on appeal within the exception to the general rule that an objection on the ground of variance ordinarily must be properly raised in the trial court, so that the objection may be obviated by amendment. (For collection of authorities see 4 C. J. S. § 282, p. 548, *et seq.*) But neither party raises that error on appeal and in my opinion the proper basis upon which to reverse the judgment and remand the cause is for this court *sua sponte* to exercise its statutory power to correct such error where as here it patently appears on the record as a manifest error injuriously affecting substantial rights of the defendant within the meaning of section 9564 of Revised Laws of Hawaii 1945. (See *Territory* v. *Chong,* 36 Haw. 537; *Wayne* v. *New York Life Ins. Co.,* 132 F. [2d] 28; *In re Florsheim,* 24 Fed. Supp. 991; *Taylor* v. *Catalon,* 140 Tex. 38, 166 S. W. [2d] 102.)

For the further guidance of the court below, a few observations in my opinion are in order. The evidence of "a public road" to mean a public road, street or highway within a subdivision as a part of the municipal system of roads placed an entirely different set of benefits or damages accruing to the remainder of the defendant's prop-

erty than would that of a park road as the most com-
parable purpose within the averred "park and playground
purposes" to a public road as indicated on the map at-
tached to the petition as well as indicated by the size and
location of the property sought to be condemned in con-
necting with an existing public road and with the other
nine parcels of land. This is true because a park road
(unlike a public road, street or highway under the depart-
ment of public works [R. L. H. 1945, § 6630]) is a road
constructed and maintained by the park board for park
and recreation purposes and the nature of its construction
and improvements is determined by that board. (R. L.
H. 1945, § 6768, am. S. L. 1945, Act 237, am. S. L. 1947,
Act 120.) By reason thereof any lateral ingress or egress
to private property from a park road would be purely
permissive within the power of the park board to deny
by erecting fences, walls or other structures or by plant-
ing hedges, shrubs or trees to prevent such ingress and
egress and to preclude such property from having any
accessible road frontage. Its dominant purpose in this
case is to serve the public entering and leaving from a
public street to which it connects as an access to the park
and playground area of which it is an integral part, parcel
ten used as a park road contributing to the full enjoyment
of the other nine parcels for park and playground pur-
poses and not having the legal status of a "public street"
to open up laterally otherwise inaccessible land for resi-
dential purposes as such a street would do in a subdivision.
(R. L. H. 1945, § 6641.) A park road leading into the
main park area thus differs from a public road, street or
highway ending at the same area and constitutes no part
of the municipal system of public roads, streets or high-
ways. Neither is it subject to the requirements thereof
under chapter 120 of Revised Laws of Hawaii 1945 as

604

amended, nor subject to condemnation for the public use of a public road, street or highway. (See *Rayor* v. *City of Cheyenne*, 63 Wyoming 72, 178 P. [2d] 115; 63 A. L. R. Anno. 484, 486.) In correlation of these differences, the proof of "a public road" as the use to and purpose for which the property is to be put left the material averment of "park and playground purposes" unproved, the allegation thereof being a requisite of statute (R. L. H. 1945, § 310), which must be proved in order to warrant condemnation. Predicated solely upon that proof, the judgment in declaring the public use and purpose to be "a public road" is to that extent beyond both the scope of the pleadings and the jurisdiction of the trial court. In short, neither the proof nor judgment is warranted by the allegations of the petition for condemnation. This constitutes reversible error which, although not raised below or assigned on appeal, manifests itself on the record as one cognizable by this court under its statutory power to correct in the interests of expeditious justice.

I concur in the reversal of the judgment and remand of the cause as made by the majority. But I believe that the lower court should be specifically instructed to order the City and County of Honolulu to repay forthwith to the clerk of the circuit court the amount estimated to be just compensation or damages.