RALPH H. MOYERS *v.* KAPIOLANI MOTORS, LTD.,
A HAWAIIAN CORPORATION.

NO. 2891.

ARGUED SEPTEMBER 17, 1953. DECIDED MARCH 2, 1954.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in assumpsit for an alleged three-fold breach of an oral contract of employment between the plaintiff as employee and the defendant as employer. The breached parts of the oral contract are alleged by amended complaint to be those which provide (1) for the termination of the employment only upon a thirty-day written notice, (2) for the payment of a bonus by the defendant to the plaintiff, and (3) for the allowance of a vacation with pay. Issue was joined by general denial and the cause tried jury waived. At the trial it was undisputed that the alleged oral contract was negotiated prior to a written contract of employment which expressly provides that the employment "may be terminated at any time by either party without previous notice" and makes no provision whatsoever for any bonus or vacation with pay. Nevertheless, the trial judge by written decision found that "the plaintiff proved the material allegations set forth in the first and second causes of action of his Amended

Complaint by the preponderance of the evidence [but] failed to prove * * * his third cause of action (re: vacation money)." That finding, however, must be read in the light of "the detailed findings of fact * * * as set out in the Court Reporter's notes of the Court's final remarks" which were "specifically * * * incorporated [into the decision] by reference." From those remarks it appears that "the detailed findings of fact" concern an oral agreement between the parties made subsequently to the written contract, the trial judge stating that "the only question is whether or not subsequent terms were arrived at, because I agree that prior or contemporaneous oral testimony could not change the terms of that [written] contract." He thereupon found in effect that the parties entered into a subsequent oral agreement which modified the prior written contract so as to require written notice of thirty days for termination of the employment and to entitle the plaintiff to a bonus. Judgment was entered accordingly against the defendant in the sum of $550 for breach of the modified contract as to notice and in the sum of $272.20 for its breach as to bonus.

The defendant appeals by way of exceptions and relies upon a specification of ten alleged errors for a reversal. First to be considered are the alleged errors which go to the obvious variance between the amended complaint based on a prior oral contract and the proof of a written contract as modified by a subsequent oral agreement on which the written decision and judgment are based. The first phase of that variance occurred favorably to the defendant when it introduced into evidence the written contract. But that phase underlies the second of which the defendant now complains. This latter phase had its inception when the plaintiff thereafter in the course of trial first began to testify with respect to the subsequent oral agreement between the parties. At that particular point

in the plaintiff's testimony, the defendant made no objection and took no exception on the ground of variance. Nor did it do so at any other point in his testimony or stage of the trial. On the contrary, it joined issue thereon by calling as a witness its president whose testimony contradicted that of the plaintiff. This dispute as to the existence or nonexistence of the subsequent oral agreement was decided by the trial judge in favor of the plaintiff at the close of trial. But the defendant again neither objected nor excepted on the ground of variance. Nor did it call the variance to the attention of the trial judge at any time either before or after judgment. Under these circumstances, the defendant is deemed to have waived its right to object under the well-settled general rule that "an objection on the ground of variance must ordinarily be properly raised in the trial court, so that the objection may be obviated by an amendment, and cannot be raised for the first time on appeal" as here attempted. (*City and County* v. *Tam See,* 38 Haw. 592, 598.)

The next alleged errors to be considered question the sufficiency of the evidence to support the trial judge's finding of a written contract modified by a subsequent oral agreement as the basis for the judgment. No useful purpose would be served by reciting the evidence. Suffice it to say that as already indicated it is conflicting and that this court has consistently held that a trial judge's finding on that character of evidence in a jury-waived case will not be disturbed where, as here, there is substantial evidence, more than a mere scintilla, to support it.

Exceptions overruled.

*S. Landau* (*Landau & Fairbanks* on the briefs) for defendant-appellant.

*R. G. Hogan* (*Hogan & Dyer* on the briefs) for plaintiff-appellee.